UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ALEX GOLDMAN,

       Plaintiff,

-against-

CATHERINE REDDINGTON,

       Defendant.
------------------------------------------------------------ x

Case No. _____

**ORDER TO SHOW CAUSE
AND
<u>TEMPORARY RESTRAINING ORDER</u>**

An application having been made by Plaintiff ALEX GOLDMAN ("Plaintiff"), by and through his undersigned counsel, Gottlieb & Janey LLP, for an order pursuant to Fed. R. Civ. P. 65 granting a temporary restraining order and preliminary injunction against Defendant CATHERINE REDDINGTON ("Defendant"); and

**UPON READING AND FILING OF** (i) the Complaint dated June 25, 2018, and the exhibits (A through F) annexed thereto; (ii) the Affidavit of Alex Goldman, dated June 25, 2018 and the exhibits (A through F) annexed thereto; (iii) the Declaration of Derrelle M. Janey, Esq., dated June 25, 2018 and the exhibits (A through C) annexed thereto; and (iv) Plaintiff's Memorandum of Law dated 25, 2018; and good cause being show therein for the grant of Plaintiff's application; and

**AND IT BEING ALLEGED** in the aforementioned papers, *inter alia*, that two (2) causes of action exist against Defendant for (1) defamation; and (2) tortious interference with prospective economic advantage and business relations; and in which it is alleged that Plaintiff was damaged as a result thereof in an amount to be determined at trial not less than $5,000,000.00;

**And it further being alleged** in the aforementioned papers, *inter alia*, that Defendant is engaged in a pattern and campaign of aggressive public harassment and has made knowingly false statements against Plaintiff in an attempt to, *inter alia*, devastate Mr. Goldman's educational and career prospects; destroy his personal relationships with members of the community; destroy his academic relationship with institutions of higher education; destroy his employment opportunities; publicly tarnish his reputation; and wreak havoc on his personal life and that of his family.

**And it further being alleged** in the aforementioned papers, *inter alia*, that within the past few weeks, Defendant has made numerous posts on social media platforms Facebook and LinkedIn falsely accusing Mr. Goldman of sexual assault and stating that he is a "rapist;" it being alleged that these posts by Defendant included a picture of Mr. Goldman and "tagged" Mr. Goldman's employer and the university where Mr. Goldman attends college; and it being alleged that these vicious accusations were knowingly false and intentionally made; and it being alleged that these social media posts have been viewed and "liked" by thousands of people.

**And it further being alleged** in the aforementioned papers, *inter alia*, that Mr. Goldman has been irreparably harmed by these public false allegations of sexual assault and rape; it being alleged that when the Defendant reported an alleged incident of sexual assault to the local police, upon a full investigation, neither the police department nor district attorney's office found any evidence whatsoever to support these allegations; it being alleged that Mr. Goldman seeks damages and injunctive relief to remedy the emotional, mental, and economic harm caused by Defendant's knowingly false statements; it being alleged that there is simply no evidence that Mr. Goldman sexually assaulted Defendant; and it being alleged that there is no "truth defense" to the defamation claim here.

**And it further being alleged** in the aforementioned papers, *inter alia*, on November 17, 2017, Defendant sent a text message to Thomas Aiello on November 17, 2017, in which Defendant wrote: "And now I have girls coming up thanking me bc of what he's done to their own friends. Fuck that. All I'm saying is im not standing up for a house that is condoning someone who ruined physically damaged my body and who are literally standing up for a violent rapist. [sic]" (Exhibit B).

**And it further being alleged** in the aforementioned papers, *inter alia*, in May 2018, Defendant sent a text message to Dennis Kadric, in which Defendant referred to Mr. Goldman repeatedly as a "monster."

**And it further being alleged** in the aforementioned papers, *inter alia*, beginning in June 2018, Defendant initiated a systematic process of publicly and falsely accusing Mr. Goldman of criminal conduct—despite the Onondaga County District Attorney and Syracuse Police Department finding of no evidence whatsoever to support a claim for sexual assault; and it being alleged that Defendant made social media posts calling Mr. Goldman a "rapist" and waging a campaign to have Mr. Goldman expelled from his new college, New Jersey Institute of Technology ("NJIT"), and fired from his summer internship at Bohler Engineering ("Bohler").

**And it further being alleged** in the aforementioned papers, *inter alia*, Defendant posted on the social media platform Facebook on June 4, 2018, in which Defendant wrote: "[d]uring the early hours of April 23, 2017 I was raped and sodomized. I woke up in Delta Kappa Epsilon Fraternity in Alex Goldman's bed confused, bloody, bruised, with ripped clothing and splinter...My rapist has an internship with Bohler Engineering and will be graduating from a different college, New Jersey Institute of Technology. I have had multiple individuals that have

approached me, expressed their knowledge of Alex Goldman's track record. Alex Goldman is a rapist. I write this post because this is not the first time Alex Goldman has raped someone and I want to make sure that it is the last." (***Exhibit C***).

**And it further being alleged** in the aforementioned papers, *inter alia*, Defendant posted on the social media platform LinkedIn on June 4, 2018, in which Defendant wrote: "[p]eople don't wake up one day and randomly decide they are going to violently rape and sodomize someone." (***Exhibit D***).

**And it further being alleged** in the aforementioned papers, *inter alia*, Defendant posted on the social media platform Facebook on June 5, 2018, in which she directly contacted Bohler Engineering and made false statements and subsequently celebrated its firing of Mr. Goldman (***Exhibit E***).

**And it further being alleged** in the aforementioned papers, *inter alia*, Defendant posted on the social media platform Facebook on June 6, 2018, in which she posted on the reviews section for NJIT: "[a] school that accepts recently expelled rapists, despite it being marked on their transcript." (***Exhibit F***).

**And it further being alleged** in the aforementioned papers, *inter alia*, on June 5, 2018, Mr. Goldman was, in fact, fired from his summer internship at Bohler Engineering based on Defendant's knowingly false statements directed to Bohler—her two social media posts on June 4, 2018 in which she "tagged" Bohler and her direct message to Bohler on June 5, 2018.

**And it further being alleged** in the aforementioned papers, *inter alia*, that the foregoing wrongful conduct by Defendant has had and continues to have a detrimental impact on Plaintiff's education and career prospects, as well as Plaintiff's reputation; and that, for example, *inter alia*, Defendant's aforementioned social media posts have garnered thousands of "likes" and hundreds

of comments, including, inter alia, calling Mr. Goldman an "animal" and saying Mr. Goldman "needs to be off the streets."

**And it further being alleged** in the aforementioned papers, *inter alia*, that Defendant's knowingly false statements are not protected free speech under the First Amendment; and it being alleged that the First Amendment does not protect libelous statements which are the instrument of the wrongful conduct (*see e.g. Bingham v. Struve*, 184 A.D.2d 85, 89 (1st Dep't 1992) and *Dennis v. Napoli*, 2015 WL 4885340 (Sup. Ct. N.Y. Cnty. 2015), *aff'd*, 148 A.D.3d 446 (1st Dep't 2017)).

**AND IT FURTHER BEING ALLEGED** that, based on the foregoing, Plaintiff is likely to prevail on the merits of his cause of action for defamation, for example: (1) that Defendant made false statements about Plaintiff; (2) that Defendant published these false statements to numerous third parties; (3) that Defendant had no privilege or authorization to do so; (4) that Defendant's conduct constituted libel *per se*, in which case harm is presumed; and that Defendant's conduct did in fact cause damages to Plaintiff (*see e.g., Jacobus v. Trump*, 55 Misc. 3d 470, 474 (Sup. Ct. New York County 2017));

**AND IT FURTHER BEING ALLEGED** that, based on the foregoing, Plaintiff is likely to prevail on the merits of his individual cause of action for tortious interference with prospective economic advantage/business relations, for example: (1) that Plaintiff had a business relationship with numerous identified third parties; (2) that Defendant knew of these relationships and intentionally targeted them and interfered with them; (3) that Defendant acted solely out of malice, and used dishonest, unfair, and improper means; and (4) that Defendant's interference caused injury to Plaintiff's business relationships (*e.g., Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 907-08 (S.D.N.Y. 2016) (quoting *Kirch v. Liberty Media Corp.*,

449 F.3d 388, 400 (2d Cir. 2006) (quoting *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003), *certified question answered*, 3 N.Y.3d 182, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004))));

**AND IT BEING FURTHER ALLEGED** that, absent temporary relief in the form of restraints against Defendant, Plaintiff will suffer irreparable harm and grave hardships; in particular, in light of Plaintiff's allegations, reiterated in the preceding paragraphs hereof, identifying specific instances of Defendant's damaging conduct;

**AND IT BEING FURTHER ALLEGED** that the balance of the equities weighs in favor of granting the relief requested by Plaintiff;

**AND IT BEING FURTHER ALLEGED** that Plaintiff has no adequate remedy at law;

**AND IT BEING FURTHER ALLEGED** that no prior request for the same or similar relief has been made herein, and that no prior request for temporary restraints or preliminary injunctive relief has been sought in this matter;

**AND IT BEING FURTHER ALLEGED** that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity) as Plaintiff and Defendants are residents of different states, New Jersey and New York, respectively, and as the amount of damages at issue exceeds $75,000.00 exclusive of interest and costs; that this Court has personal jurisdiction over Defendant because she is a resident of New York State and because her conduct giving rise to this Complaint was directed toward and had an effect in New York State; that venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as the Defendant resides in this judicial district; and that this Court is empowered to grant the temporary restraints and preliminary injunction sought by Plaintiff's instant application pursuant to Federal Rule of Civil Procedure 65;

NOW, upon Plaintiff's application, it is hereby:

**ORDERED** that Defendant Catherine Reddington **SHOW CAUSE** before this Court, located at 225 Cadman Plaza East, Brooklyn, New York 11201, in Courtroom _____, before the Honorable Judge _____, United States District Judge for the Eastern District of New York, on the _____ day of _____, 2018, at _____ o'clock in the _____ noon of that day, or as soon thereafter as counsel can be heard, why the Court should not enter an Order, directing that:

1. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, pending final adjudication of this action, Defendant be **ENJOINED** from committing or causing or facilitating or assisting or inciting or encouraging, by any means, the following conduct, whether such conduct is committed by Defendant personally or facilitated through any other individual, including but not limited to family members, friends, and/or contacts on any social media or Internet platform:

    a. any criminal or tortious conduct directed at or against Plaintiff Alex Goldman, including but not limited to any form of harassment, menacing, intimidation, threats, invasion of privacy, identity theft, and/or coercion;

    b. any dissemination or publication of defamatory or disparaging statements against Plaintiff Alex Goldman, including but not limited to statements falsely accusing Plaintiff of criminal or dishonorable conduct directed to: (i) his employer(s); (ii) his educational institutions; (iii) his known friends, including but not limited to Thomas Aiello and Dennis Kadric; and (iv) social media platforms; and

2. Directing that, pending final adjudication of this action, Plaintiff have such other and further relief as this Court deems to be just and proper; it is further,

**ORDERED** that, based upon Plaintiff's showing that he will suffer irreparable harm unless Defendant is **temporarily restrained** pending this Court's hearing on Plaintiff's motion for a preliminary injunction, **<u>Defendant is hereby temporarily restrained and enjoined from, in any manner, either directly or indirectly, either personally or through any other person or entity, committing the conduct set forth in sections 1(a) and 1(b) of the preceding paragraph of this Order</u>**; and it is further,

**ORDERED** that, pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall give security in the amount of $_____.00, which is greater than or equal to the amount considered by this Court proper to pay costs and/or damages sustained by Defendant if it is found that they were wrongfully restrained or enjoined, on or before the _____day of _____, 2018; and it is further,

**ORDERED** that service of a copy of this Order, together with a copy of the papers upon which it is granted, including the Summons and Complaint, shall be made on or before the _____day of _____, 2018 upon Defendant by personal service or in a manner consented to by Defendant's counsel; and it is further,

**ORDERED** that answering papers, if any, shall be served by personal service upon counsel for Plaintiff (Gottlieb & Janey, LLP, located at 111 Broadway, Suite 701, New York, New York 10006), or by any manner consented to by counsel for Plaintiff, to be received by counsel for Plaintiff not less than _____days before the return date of this application; and it is further,

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

This Order issues on this _____ day of _____, 2018 at _____ _.m.

**ENTER:**


_____
**United States District Judge**