UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ALEX GOLDMAN,

                Plaintiff,

         -against-

CATHERINE REDDINGTON,

                Defendant.
-------------------------------------------------------------- x

Case No. 18-cv-03662-JFB-ARL

**DECLARATION OF
DERRELLE M. JANEY, ESQ.
IN OPPOSITION TO
DEFENDANT'S REQUEST FOR STAY**

    DERRELLE M. JANEY, an attorney duly admitted to practice before the Courts of the State of New York, and before the federal courts for the Eastern District of New York, being duly sworn, deposes and states the following under penalties of perjury:

    1.    I am a partner with the law firm Gottlieb & Janey LLP, counsel for Plaintiff ALEX GOLDMAN ("Plaintiff" or "Mr. Goldman") in the above-captioned action, and as such I am fully familiar with the facts and circumstances in this matter.

    2.    Nesenoff & Miltenberg, LLP, counsel for Defendant, CATHERINE REDDINGTON ("Defendant" or "Ms. Reddington"), has filed a motion to be relieved as counsel for Ms. Reddington, in which they request a stay of this action for thirty (30) days for Ms. Reddington to retain new counsel.

    3.    I respectfully submit this Declaration in opposition to **the request for a thirty (30) day stay by Defendant** as Mr. Goldman will continue to suffer substantial prejudice by any further delay in this matter. Ms. Reddington was served with this Complaint on June 25, 2018, and was required to answer by July 16, 2018 and has failed to do so. Her failure to obtain conflict-free counsel is a function of her own doing for the reasons explained herein.

4. Pursuant to Rule 1.18 of the New York Rules of Professional Conduct entitled "Duties to Prospective Clients," Nesenoff & Miltenberg, LLP has a clear and substantial conflict of interest in representing Ms. Reddington in this matter. However, despite this clear and substantial conflict of interest, Nesenoff & Miltenberg, LLP agreed to represent Ms. Reddington, before apparently conducting any conflict check as they have admitted to not being aware of any conflict of interest until it was brought to their attention by our law firm.

5. In March 2018, Mr. Goldman and his family consulted with Nesenoff & Miltenberg, LLP regarding possible representation of Mr. Goldman pertaining to the events giving rise to this matter. Yet, despite this clear and substantial conflict of interest, on July 13, 2018, Nesenoff & Miltenberg, LLP, by Gabrielle Vinci, Esq., filed a Notice of Appearance (ECF Dkt. 17) on behalf of Ms. Reddington. On that same date, Ms. Vinci requested an adjournment of the conference scheduled for July 16, 2018, for which our law firm consented[1].

6. However, on July 14, 2018, one day after being notified by Nesenoff & Miltenberg, LLP that they have been retained to represent Ms. Reddington, our law firm was informed by our client, and in turn notified Ms. Vinci, along with Nesenoff & Miltenberg, LLP name partner Andrew Miltenberg, of the clear and substantial conflict of interest in their representation of Ms. Reddington—a fact they should have been aware of before agreeing to represent Ms. Reddington. In our July 14, 2018 correspondence, we requested that Nesenoff & Miltenberg, LLP immediately withdraw from this matter due to the conflict of interest. Nesenoff & Miltenberg, LLP did not immediately agree to withdraw.

7. On July 18, 2018, again via email, we repeated our request that Nesenoff & Miltenberg, LLP promptly withdraw from this matter due to the conflict of interest. Nesenoff & Miltenberg, LLP failed to respond.

---

[1] The initial Rule 26(f) conference is now scheduled for August 25, 2018 at 1:30 p.m. before Magistrate Judge Lindsay.

8. Lastly, on July 24, 2018, we iterated our request that Nesenoff & Miltenberg, LLP immediately withdraw from this matter, otherwise we would file the appropriate motion with the Court. At this point, Ms. Reddington was already in default pertaining to her responsive pleading.

9. On July 24, 2018, Ms. Vinci responded and stated "…our firm will not be proceeding as counsel for Ms. Reddington. We will be making an application to the court to be relieved as counsel and asking the court for a stay of proceeding for 30 days to allow Ms. Reddington to find new counsel."

10. Mr. Goldman has suffered substantial prejudice by Nesenoff & Miltenberg, LLP's failure to perform a conflict check before agreeing to represent Ms. Reddington. In March 2018, Mr. Goldman provided Nesenoff & Miltenberg, LLP with hundreds of pages of confidential documents regarding this matter, including but not limited to confidential reports, photographs, videos, and emails and correspondence with prior counsel in a parallel proceeding. Further, Mr. Goldman participated in two conference calls with attorneys at Nesenoff & Miltenberg, LLP and exchanged numerous emails regarding the subject matter of this litigation. It is unclear whether any of this privileged information was shared with Ms. Reddington.

11. Furthermore, Nesenoff & Miltenberg, LLP failed to file their motion to be relieved as counsel until two weeks after being notified of their obvious conflict of interest, thus further delaying this litigation.

12. As this is an action for defamation, and the defamatory statements made by Ms. Reddington remain published pending the outcome of this litigation, any delay causes additional prejudice to Mr. Goldman. Ms. Reddington should not get the benefit of further delaying this litigation based on the conduct of her attorneys, Nesenoff & Miltenberg, LLP, who failed to decline representation of Ms. Reddington despite the clear and obvious conflict of interest.

13. Ms. Reddington received notice of this litigation when she was served with the Summons and Complaint on June 25, 2018. She has had an adequate opportunity to prepare for this litigation, and in fact, appeared with different counsel on June 27, 2018 in opposition to Mr. Goldman's application for a Temporary Restraining Order. In the weeks subsequent, Ms. Reddington was aware she was required to serve an answer to the Complaint. We surmise that Ms. Reddington retained Nesenoff & Miltenberg, LLP only because she was aware there was an advantage to be gained given the confidential information Nesenoff & Miltenberg, LLP possessed from Mr. Goldman as a result of attorney-client communications. Thirty-two days have elapsed since Ms. Reddington was notified of this litigation and she has had ample opportunity to secure appropriate counsel that is conflict-free and she has failed to do so. We submit Ms. Reddington should not be rewarded for what appears to be gamesmanship on her part.

14. Mr. Goldman respectfully submits that to further avoid substantial prejudice to Mr. Goldman, Defendant's request to stay the action for thirty (30) days should be denied. Mr. Goldman is prepared to promptly proceed with this litigation without further delay.

*(remainder of page intentionally left blank)*

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: New York, New York
       July 27, 2018

                                                    Respectfully submitted,

                                                    _____
                                                    Derrelle M. Janey, Esq.

                                                    Gottlieb & Janey LLP
                                                    Trinity Building
                                                    111 Broadway, Suite 701
                                                    New York, New York 10006
                                                    Tel.: (212) 566-7766
                                                    Fax: (212) 374-1506
                                                    Email: djaney@gottliebjaney.com

                                                    *Attorneys for Plaintiff Alex Goldman*

Sworn to and subscribed before me
this __27TH__ day of July 2018

_____
Notary Public

SETH JASON ZUCKERMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ZU6363360
Qualified in New York County
My Commission Expires 08-21-2021