**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------ x
                                                 :    Case No. 1:18-cv-03662-JFB-
ALEX GOLDMAN,                                    :    ARL
                                                 :
                              Plaintiff,         :
                                                 :
             -against-                           :
                                                 :
CATHERINE REDDINGTON,                            :
                                                 :
                              Defendant.         :
------------------------------------------------ x
```

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT CATHERINE REDDINGTON TO PLAINTIFF**
**ALEX GOLDMAN'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Catherine Reddington ("Ms. Reddington"), through her attorneys Riley Safer

Holmes & Cancila LLP, answers the Complaint as follows:

**NATURE OF THE ACTION**

1.       Ms. Reddington admits that this is an action for damages.  Ms. Reddington

denies the remaining allegations in Paragraph 1.

2.       Ms. Reddington admits that in June 2018 she made posts on Facebook and

LinkedIn accusing Mr. Goldman of sexual assault.  Answering further Ms. Reddington admits

that the posts described in the previous sentence stated that Mr. Goldman is a rapist and included

tags to New Jersey Institute of Technology ("NJIT"), #MeToo, and #BohlerEngineering.  Ms,

Reddington further admits that she made a post on Facebook that included a picture of Mr.

Goldman.  Ms. Reddington denies that she made a post on LinkedIn that included a picture of

Mr. Goldman.  Ms. Reddington lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in the last sentence of Paragraph 2.  Ms. Reddington denies all

1

remaining allegations in Paragraph 2.

3. Ms. Reddington denies the allegations in Paragraph 3.

4. Ms. Reddington admits that this action purports to seek damages and injunctive relief. Ms. Reddington denies the remaining allegations in Paragraph 4.

5. Ms. Reddington admits the allegations in the first four sentences of Paragraph 5. Answering further, Ms. Reddington admits to waking up next to Mr. Goldman in his room on the morning of April 23, 2017. Ms. Reddington denies the remaining allegations in Paragraph 5.

6. Ms. Reddington admits that on April 24, 2017, approximately 26 hours after leaving Mr. Goldman's fraternity house, she went to Crouse Hospital to complain that she was sexually assaulted. Answering further, Ms. Reddington admits the allegations in the second sentence of Paragraph 6. Ms. Reddington also admits that the DNA analysis of Ms. Reddington's vagina at the time of the SANE was negative for male DNA. Ms. Reddington denies the remaining allegations in Paragraph 6.

7. Ms. Reddington admits that she initially stated to Detective Bates that she did not recall the events of the night of April 22, 2017. Ms. Reddington denies the remaining allegations in Paragraph 7.

8. Ms. Reddington admits to stating Mr. Goldman is a rapist. Ms. Reddington denies that the statement is false. Ms. Reddington further denies that she made "knowingly false statements." Ms. Reddington admits that a letter from ADA Maureen Barry from OCDA is attached as Exhibit A to the Complaint. To the extent the allegations of Paragraph 8 seeks to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with the language of that document. Answering further, Ms. Reddington denies that the contents of

ADA Barry's letter accurately reflect the encounter between Ms. Reddington and Mr. Goldman or the events of that forms the basis of this Complaint, and Ms. Reddington further denies that ADA Barry's letter accurately speaks to the truth or falsity of the statements Mr. Goldman alleges to be defamatory  Further, Ms. Reddington denies the allegations in Paragraph 8 that were excerpted from the ADA Barry's letter.

9.      Ms. Reddington denies the allegations in Paragraph 9.

10.     Ms. Reddington admits the allegations in the first sentence of Paragraph 10.  Ms. Reddington further admits that she told Syracuse University that Mr. Goldman sexually assaulted her.  Ms. Reddington denies the remaining allegations in Paragraph 10.

11.     Ms. Reddington admits that Mr. Goldman was expelled by Syracuse University. Ms. Reddington denies the remaining allegations in Paragraph 11.

12.     Ms. Reddington admits that that she sent a text message to one of Mr. Goldman's fraternity brothers, referring to Mr. Goldman as a "violent rapist."  Ms. Reddington denies the remaining allegations in Paragraph 12.

13.     Ms. Reddington admits that she made postings on social media that referred to Mr. Goldman as a rapist.  Ms. Reddington denies the remaining allegations in Paragraph 13.

14.     Ms. Reddington denies the allegations in Paragraph 14.

15.     Ms. Reddington denies the allegations in Paragraph 15.

16.     Ms. Reddington denies the allegations in Paragraph 16.

17.     Ms. Reddington admits that Mr. Goldman's lawsuit seeks injunctive relief against Ms. Reddington. Answering further, Ms. Reddington denies that Mr. Goldman is entitled to any relief whatsoever and denies the remaining allegations in Paragraph 17.

## **PARTIES**

18.     Ms. Reddington is without knowledge or information sufficient to form a belief

as to truth of the allegations in Paragraph 18.

19.     Ms. Reddington admits the allegations in Paragraph 19 but notes that during some of the relevant times in the Complaint she also resided in Onondaga County.

## JURISDICTION AND VENUE

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Ms. Reddington admits that Mr. Goldman purports to assert jurisdiction pursuant to 28 U.S.C. § 1332. Ms. Reddington admits the allegations concerning her residency in New York. Ms. Reddington is without knowledge or information sufficient to form a belief as to Goldman's residency. Ms. Reddington denies that the amount in controversy exceeds $75,000.

21.     Ms. Reddington admits this Court has personal jurisdiction over her. Ms. Reddington denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required..

## FACTS

23.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Ms. Reddington admits the allegations in Paragraph 28.

29.     Ms. Reddington denies the allegations in the first sentence of Paragraph 29.  Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.     Ms. Reddington admits that she left Mr. Goldman's room at approximately 10:30 a.m. on April 23, 2017.  Ms. Reddington denies the remaining allegations in Paragraph 30.

31.     Ms. Reddington admits the allegations in the first sentence of Paragraph 31.  Ms. Reddington further admits the allegations in the second sentence of Paragraph 31 insofar as Detective Bates first interviewed Ms. Reddington on May 1, 2017 and the quoted portion in Paragraph 31 is taken from Detective Bates' report and paraphrases one part of what Ms. Reddington reported to Detective Bates.  Ms. Reddington denies the allegations in the second sentence of Paragraph 31 insofar as they suggest that the quoted portion in Paragraph 31 was the totality of what Ms. Reddington told Detective Bates about the events of April 22-23, 2017.

32.     Ms. Reddington admits that she was interviewed by Detective Bates on May 4, 2017 but denies the remaining allegations in the first sentence of Paragraph 32.  Ms. Reddington admits the allegations in the second sentence of Paragraph 32 except insofar as it refers to midnight; Ms. Reddington told Detective Bates with respect to the video surveillance that they reviewed that she did not recall what happened after 12:30 a.m. (and not midnight) of the night in question.

33.     Ms. Reddington admits that there is a toxicology report showing results of an analysis of a urine sample that she provided at Crouse Hospital on April 24, 2017, and to the extent the allegations of Paragraph 33 seek to paraphrase or characterize the contents of that written report, the document speaks for itself.  Ms. Reddington denies that the toxicology report

indicated that caffeine and marijuana were the only items present in her bloodstream at the time of the analysis.  Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34.     Ms. Reddington denies that there was no physical evidence of sexual assault. Ms. Reddington is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 34.

35.     Ms. Reddington admits that ADA Barry wrote a letter purporting to be based on the investigation by PCDA and SPD and that such report from ADA Barry is attached as Exhibit A to the Complaint.  To the extent the allegations of Paragraph 35 seek to paraphrase or characterize the contents of ADA Barry's letter, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document. Answering further, Ms. Reddington denies that the contents of ADA Barry's letter accurately reflect the encounter between Ms. Reddington and Mr. Goldman or the events of that forms the basis of this Complaint, and Ms. Reddington further denies that ADA Barry's letter accurately speaks to the truth or falsity of the statements Mr. Goldman alleges to be defamatory.

36.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 36. Ms. Reddington admits the allegations in the second sentence of Paragraph 36.  Answering further, Ms. Reddington admits that she initially informed Investigator Jacobson that she had no memory of entering Mr. Goldman's room that night or anything that followed until she awakened several hours later.  Ms. Reddington further admits that after seeing a therapist, she subsequently experienced memories of Mr. Goldman subjecting Ms. Reddington to sexual contact without her consent. Ms. Reddington denies the characterization of the return of her memories in Paragraph 36 as "sudden" or "miraculous."

37.     Ms. Reddington admits that Syracuse University determined that Mr. Goldman violated the Student Code of Conduct and expelled him in or around November 2017.  Ms. Reddington denies the remaining allegations in Paragraph 37.

38.     Ms. Reddington denies the allegations in the first sentence of Paragraph 38.  Ms. Reddington admits that the text message that she sent Thomas Aiello on November 17, 2017 is attached as Exhibit B to the Complaint.  To the extent the allegations of Paragraph 38 seek to paraphrase or characterize the contents of that written text message, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document.  Ms. Reddington denies that she "branded" Mr. Goldman as a "violent rapist," and admits the remaining allegations in Paragraph 38.

39.     Ms. Reddington admits the first sentence of Paragraph 39.  Ms. Reddington denies the remaining allegations in Paragraph 39.

40.     Ms. Reddington denies the allegations in Paragraph 40.

41.     Ms. Reddington denies the allegations in Paragraph 41.

42.     Ms. Reddington admits that her Facebook post dated June 4, 2018 concerning Goldman is attached as Exhibit C to the Complaint.  To the extent the allegations of Paragraph 42 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document.  Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 42.

43.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Ms. Reddington admits that her LinkedIn post dated June 4, 2018 concerning Mr. Goldman is attached as Exhibit D to the Complaint.  To the extent the allegations of

Paragraph 44 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document.

45.     Ms. Reddington denies the allegations in Paragraph 45.

46.     Ms. Reddington admits that her Facebook post dated June 5, 2018 concerning Mr. Goldman is attached as Exhibit E to the Complaint.  To the extent the allegations of Paragraph 46 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document.

47.     Ms. Reddington admits that her Facebook post dated June 5, 2018 concerning Mr. Goldman is attached as Exhibit E to the Complaint.  To the extent the allegations of Paragraph 47 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document. Answering further, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 47.

48.     Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Ms. Reddington admits that her Facebook post dated June 6, 2018 concerning Mr. Goldman is attached as Exhibit F to the Complaint.  To the extent the allegations of Paragraph 49 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Ms. Reddington denies the allegations to the extent that they are inconsistent with that document.

50.     Ms. Reddington denies the allegations in Paragraph 50.

## AS FOR A FIRST CAUSE OF ACTION
## DEFAMATION- LIBEL *PER SE*

51.     Ms. Reddington realleges all of the foregoing answers in Paragraphs 1-50 above.

52.     To the extent Paragraph 52 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 52.

53.     To the extent Paragraph 53 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 53.

54.     To the extent Paragraph 54 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 54.

55.     To the extent Paragraph 55 of the Complaint states conclusions or characterizations of the law, no response is required.  To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 55.

56.     Ms. Reddington denies the allegations in Paragraph 56 and all of its subparts. To the extent the allegations of Paragraph 56 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Ms. Reddington denies the allegations to the extent that they are inconsistent with those documents.

57.     Ms. Reddington admits the allegations in Paragraph 57 insofar as they relate to

her postings to Facebook and Linked In. Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 with respect to statements that she made via text message.

58.     To the extent Paragraph 58 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington denies having made any defamatory statements regarding Mr. Goldman, and Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58.

59.     To the extent Paragraph 59 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington denies having made any defamatory or false statements regarding Mr. Goldman. Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59.

60.     To the extent Paragraph 60 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington denies having made any defamatory or false statements regarding Mr. Goldman. Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60.

61.     To the extent Paragraph 61 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a response is required, Ms. Reddington denies having made any defamatory or false statements regarding Mr. Goldman. Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61.

62.     Ms. Reddington denies the allegations in Paragraph 62.

63.     Ms. Reddington denies having made any "false statements" regarding Mr. Goldman.  Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.     Ms. Reddington denies the allegations in Paragraph 64.

**AS FOR A SECOND CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC**
**ADVANTAGE AND BUSINESS RELATIONS**

65.     Ms. Reddington realleges all of the foregoing answers in Paragraphs 1-64 above.

66.     To the extent Paragraph 66 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     To the extent Paragraph 67 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     To the extent Paragraph 68 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     To the extent Paragraph 69 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     To the extent Paragraph 70 of the Complaint states conclusions or

characterizations of the law, no response is required. To the extent a response is required, Ms. Reddington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Ms. Reddington admits that Mr. Goldman was previously a student at Syracuse University. Ms. Reddington is without knowledge or information sufficient to form a belief as to the remaining allegations relating to Mr. Goldman's internship with Bohler Engineering and status as a student at NJIT.  Ms. Reddington denies the remaining allegations in Paragraph 71.

72.     Ms. Reddington denies the allegations in Paragraph 72.

73.     Ms. Reddington admits that she made a complaint to Syracuse University that Mr. Goldman sexually assaulted her; Ms. Reddington denies that her complaint to Syracuse University was false.  Ms. Reddington further admits that she referred to Mr. Goldman as a rapist in her social media posts.  Ms. Reddington denies the remaining allegations in Paragraph 73.

74.     To the extent Paragraph 74 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a response is required, Ms. Reddington denies the allegations in Paragraph 74.

75.     To the extent Paragraph 75 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a response is required, Ms. Reddington denies the allegations in Paragraph 75.

76.     To the extent Paragraph 76 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a response is required, Ms. Reddington denies the allegations in Paragraph 76.

77.     To the extent Paragraph 77 of the Complaint states conclusions or characterizations of the law, no response is required. To the extent the Court determines a

response is required, Ms. Reddington denies the allegations in Paragraph 77.

78.     Ms. Reddington denies the allegations in Paragraph 78.

79.     Ms. Reddington denies the allegations in Paragraph 79.

## JURY DEMAND

Ms. Reddington denies Plaintiff's Prayer for Relief and denies that Mr. Goldman is entitled to any relief whatsoever.

Ms. Reddington demands a jury trial.

## AFFIRMATIVE DEFENSES

80.     The Complaint fails to state a claim upon which relief could be granted.

81.     Plaintiff's claims are barred because the statements made by Ms. Reddington were non-defamatory statements of fact.

82.     Plaintiff's claims are barred because the statements made by Ms. Reddington were true or substantially true.

83.     Plaintiff's claims are barred because the statements made by Ms. Reddington were non-actionable opinions.

84.     Plaintiff's claims are barred because the statements made by Ms. Reddington were not made with gross irresponsibility.

85.     Plaintiff's claims are barred because the statements made by Ms. Reddington were not negligently made.

86.     Plaintiff's claims are barred because the statements at issue were not made by Ms. Reddington.

87.     Plaintiff's claims are barred because the statements at issue were not "of and concerning" Plaintiff.

88.     Plaintiff's claims are barred because the statements made by Ms. Reddington

were protected by absolute privilege insofar as she made statements in a quasi-judicial proceeding.

89.    Plaintiff's claims are barred because the statements made by Ms. Reddington were protected by qualified or conditional privileges.

90.    Plaintiff's claims are barred because the statements made by Ms. Reddington constituted "fair comment."

91.    Plaintiff's claims are barred by the doctrine of unclean hands.

92.    Plaintiff's claims are barred because the statements made by Ms. Reddington cannot realistically have caused impairment to Plaintiff's reputation.

93.    Plaintiff's claims are barred pursuant to the "single publication" rule.

94.    Plaintiff's claims are barred to the extent that Mr. Goldman consented to publication of the allegedly defamatory statements.

95.    This Court lacks subject matter to adjudicate Plaintiff's claims because they do not exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

96.    Plaintiff's claims are barred because Ms. Reddington's statements and/or actions did not constitute "wrongful means."

97.    Plaintiff's claims are barred because Ms. Reddington's statements and/or actions were not made solely out of malice.

98.    Plaintiff's claims are barred because Ms. Reddington's statements and/or actions did not cause or contribute to any damages suffered by Plaintiff.

99.    To the extent Plaintiff suffered an injury, he failed to take reasonable, necessary, appropriate and feasible steps to mitigate his alleged damages, and to the extent of such failure to mitigate, Mr. Goldman should be barred from recovering some or all of the alleged damages he seeks.

WHEREFORE, Defendant Catherine Reddington demands judgment as follows:

A. That Plaintiff Alex Goldman take nothing by way of his Complaint;

B. That the Complaint be dismissed with prejudice;

C. That Judgment be entered in favor of Defendant Catherine Reddington and against Plaintiff Alex Goldman;

D. That Defendant Catherine Reddington be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E. All other such relief as this Court deems just and proper.

Dated: October 11, 2019

Respectfully submitted,

*/s/ Sandra L. Musumeci*
Sandra L. Musumeci
Eliberty Lopez
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, NY 10019
Phone: (212) 660-1000
Fax: (212) 660-1001
smusumeci@rshc-law.com
elopez@rshc-law.com

Matthew P. Kennison (admitted *pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington, Suite 402
Ann Arbor, MI 48104
Tel: 734.773.4911
Fax: 734.773.4901
mkennison@rshc-law.com

*Attorneys for Catherine Reddington*

## CERTIFICATE OF SERVICE

I certify that on October 11, 2019, I electronically served this *Answer* via ECF on the following:

Seth J. Zuckerman
ChaudhryLaw PLLC
45 West 29th Street, Suite 303
New York, New York 10001
szuckerman@chaudrylaw.com

/s/ Sandra L. Musumeci
Sandra L. Musumeci

4821-8613-0089, v. 4