919 THIRD AVENUE NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

Jeremy M. Creelan
Tel +1 212 891 1678
JCreelan@jenner.com

May 21, 2020

**FILED UNDER SEAL VIA ECF**

The Honorable Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re: *Goldman v. Reddington*, 18-cv-03662 -- Discovery Motion
Deposition Subpoena Of Syracuse University Employee Bernerd Jacobson

Dear Magistrate Judge Lindsay:

  I write on behalf of third-party Syracuse University ("University") to address a discovery dispute with Plaintiff Alex Goldman over a deposition subpoena served on University employee Bernerd Jacobson (the "Subpoena," attached hereto as Ex. A). The deposition is currently expected to take place on June 4, 2020, and the University is willing for the deposition to proceed on that date. The University simply has requested that Plaintiff take a single deposition of Mr. Jacobson, rather than subjecting him to two sequential and cumulative depositions concerning the same facts and issues in the two separate actions that Plaintiff is simultaneously litigating about Defendant Catherine Reddington's allegations of sexual misconduct. Plaintiff's counsel has refused to accommodate this request despite the University's good faith efforts to resolve the disagreement. Pursuant to Local Civil Rule 37.3(a) and (c), and the Court's Individual Practices, the University respectfully submits this discovery motion seeking an order requiring Plaintiff to take a single deposition of Mr. Jacobson at any appropriate time, including June 4 if Plaintiff prefers, before the current July 30 discovery cut-off.

  *Background*: In this action, Plaintiff challenges various statements that Ms. Reddington allegedly made about him, including her complaint to the University that Plaintiff sexually assaulted her. *See* ECF No. 1, Compl. ¶¶ 10, 73-74 ("EDNY Action"). Plaintiff alleges that Ms. Reddington's complaint was false and that it interfered with his "business relationship" with the University, which expelled him. *Id*. Ms. Reddington's complaint is also the subject of a separate action that Plaintiff is litigating against the University and four of its employees, including Mr. Jacobson, who investigated the complaint. *See* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("NDNY Action"). In that action, Plaintiff claims the University reached an erroneous outcome in violation of his rights under Title IX of the Education Amendments Act of 1972. Plaintiff is proceeding pseudonymously in the NDNY Action (despite bringing the EDNY Action in his own name). Plaintiff's counsel has objected to any linkage of the two cases, and so the University has moved to file this letter under seal.

May 21, 2020                                                                                *FILED UNDER SEAL*
Page 2

On April 28, when the University's counsel accepted service of the Subpoena, discovery was not yet underway in the NDNY Action because the University had filed a motion to dismiss the complaint in full. The University's counsel therefore contacted Plaintiff's counsel to discuss the proper scope of the deposition. The University's counsel sought assurance that Plaintiff's counsel would not use the deposition to seek discovery for the NDNY Action, which would not be proper unless or until the motion to dismiss was denied and discovery had commenced. In the ensuing discussions, including via phone on May 11, Plaintiff's counsel said he would not agree to any limitations on the scope of Mr. Jacobson's deposition and insisted that a wide range of topics were relevant to the instant case. As just one example, Plaintiff's counsel stated he was entitled to explore "whether there were any procedural irregularities or bias in the [University's] investigation and determination," which is precisely the issue Plaintiff is litigating in the NDNY Action. Plaintiff's position was contrary to Chief Judge Mauskopf's prior order holding that the integrity of the University's investigation is not at issue in this case, because if Ms. Reddington lied to the University about what occurred, "then her interference would still be the primary cause and the 'but for' cause of [Mr. Goldman's] expulsion." ECF No. 44, Mem. & Order at 18.

During these discussions, on May 15, the University's motion to dismiss the NDNY Action was granted in part and denied in part, meaning that discovery would soon commence. This ruling alleviated the University's concern about the scope of Mr. Jacobson's deposition, as he can properly be deposed on matters relevant to either action. In light of this ruling, and because Plaintiff's counsel had claimed the issues in the two cases were substantially or entirely the same, the University's counsel proposed a single deposition for purposes of both cases. As the University explained, this approach would minimize the burdensomeness of these depositions for the parties and their counsel, particularly at a time when the University's personnel and resources are strained due to the ongoing COVID-19 pandemic. The University's counsel also volunteered to take any reasonable steps, including expediting any further document discovery of the University in the NDNY Action as needed, so that Mr. Jacobson's deposition could proceed promptly and take place before the current discovery cut-off in the EDNY Action of July 30.[1]

Plaintiff's counsel then backpedaled, claiming there was only "some overlap" between the actions, and declaring that he was "entitled to separate depositions" because his "strategy" might be different between them.

*Argument:* This Court has broad discretion to "limit the frequency or extent of discovery otherwise allowed" under the Federal Rules of Civil Procedure, including where "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). Here, the University is not seeking any substantive limitation on the information that Plaintiff's counsel can seek from Mr. Jacobson. The University asks only that Plaintiff's counsel obtain that information

---

[1] As this Court is aware, Plaintiff already has served a broad subpoena for production of documents on the University in the EDNY Action (attached hereto as Ex. B), in response to which the University has made extensive production of documents. Given the extent of this discovery, the University anticipates that it can expeditiously address any additional discovery from the University that Plaintiff claims must take place before he is prepared to depose Mr. Jacobson for purposes of the NDNY Action.

May 21, 2020                                                           ***FILED UNDER SEAL***
Page 3

at a single deposition, rather than subjecting Mr. Jacobson and his counsel to the burden and expense of two successive depositions with substantial if not total overlap between them. Plaintiff's proposed approach, by contrast, is "unreasonably cumulative or duplicative," *id.*, and it subjects Mr. Jacobson to an "undue burden," *id.* 26(c)(1). In these circumstances, this Court can and should "prescrib[e] a discovery method other than the one selected by the party seeking discovery"—*i.e.*, one deposition rather than two. *Id.* 26(c)(1)(C).

       The burdens of multiple depositions are well-established in the context of a single case. That is why the Federal Rules of Civil Procedure require a party seeking multiple depositions of the same witness to first obtain leave of court. *Id.* 30(a)(2)(A)(ii). Thus, when courts allow multiple depositions, it is generally due to newly discovered information, and the second deposition is typically subject to strict limitations on its scope. *See, e.g.*, *Cedars-Sinai Med. Ctr. v. Ray*, 2019 WL 2420045, at *4 (S.D.N.Y. June 10, 2019) (permitting "a second deposition limited to questions regarding the belatedly produced documents"); *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, 2016 WL 1180194, at *4 (E.D.N.Y. Mar. 25, 2016) (strictly limiting time and topics for second deposition to avoid "the proverbial 'fishing expedition'").

       Those concerns apply with equal force here, where Plaintiff has chosen to bring his claims about Ms. Reddington's complaint to the University in two separate actions simultaneously pending in two different fora. There is no valid reason for Mr. Jacobson to sit for two depositions at two different times concerning the actions he took in response to Ms. Reddington's complaint, and this Court should reject that approach and order a single deposition on whatever date Plaintiff prefers. Alternatively, if this Court prefers, the University requests that the presently-scheduled deposition be postponed, so that the University may raise this issue with Magistrate Judge Baxter in the NDNY Action and attempt to coordinate discovery and avoid duplication in the two proceedings.

       In addition to its meet-and-confer discussions with Plaintiff's counsel, who opposes this request, the University's counsel has sought Defendant's position on this matter. Defendant's counsel has advised that it does not object to the University's request for a single deposition of Mr. Jacobson or to that deposition taking place at a later date within the discovery period.

Sincerely,

/s/ Jeremy M. Creelan

So Ordered:

_____

Date: _____