

Sandra L. Musumeci
smusumeci@rshc-law.com

August 5, 2020

**VIA ECF**

The Honorable Judge Rachel P. Kovner
United States District Court – Eastern District of New York
225 Cadman Plaza East, Courtroom 4E-N
Brooklyn, NY 11201

      Re:    *Alex Goldman v. Catherine Reddington*, Case No. 1:18-cv-03662-JFB-ARL

Dear Judge Kovner,

On behalf of defendant Catherine Reddington ("Ms. Reddington"), we write pursuant to Section IV.A. of Your Honor's Individual Practices to request a pre-motion conference with the Court. Defendant seeks to file a motion for leave pursuant to Federal Rule of Civil Procedure 15(a) to add counterclaims against Plaintiff Alex Goldman ("Plaintiff") for intentional assault and battery and intentional infliction of emotional distress ("IIED") based on his sexual assault of Ms. Reddington.

*Brief Factual Background and Procedural History*

Plaintiff alleges Ms. Reddington made defamatory statements about him in June 2018 stemming from an April 23, 2017 sexual assault. Plaintiff alleges that on April 22-23, 2017, he and Ms. Reddington attended the same fraternity party where they both consumed alcohol. (DE 1 at ¶¶5, 28-29.) At 12:30 am on April 23, Ms. Reddington and Plaintiff left the party and went to Plaintiff's room together, where they remained until approximately 10:30 am. (*Id*. at ¶¶29-30.) No one else entered the room, and Plaintiff alleges neither he nor Ms. Reddington recall what occurred during that time. (*Id*. at ¶¶5, 7, 11, 30-32; DE 1-2 at PageID #25.)

After awaking in Plaintiff's bed, Ms. Reddington had vaginal pain and bleeding. She left Plaintiff's room and, not understanding what had happened but believing she may have been sexually assaulted by Plaintiff while incapacitated in his bed, went to the hospital for testing and treatment. (DE 1-2 at PageID #26.) Hospital staff observed Ms. Reddington had "bruises on her outer buttock" and "two tears to her left labia." (*Id*.)

Ms. Reddington reported the sexual assault to the Syracuse Police Department in May 2017 and to Syracuse University's Title IX office in June 2017. (*Id*. at ¶¶3, 10.) The Onondaga County District Attorney's office declined to charge Plaintiff with a crime, but Syracuse University conducted its own investigation and expelled Plaintiff after finding the evidence supported that he "inserted an unidentified object into [her] vagina without consent causing [her] physical injury." REDDINGTON000029.

Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) was granted in part and denied in part on September 27, 2019. (*See* DE 44.) The parties have been diligently conducting discovery since January 2020, and discovery is not set to close until August 31, 2020. The parties have already exchanged thousands of emails, text messages, social media posts, medical records, photographs, and investigative and forensic reports. The parties have also conducted numerous depositions, including of Ms. Reddington; three fraternity members who were present at the aforementioned fraternity party; the prosecutor and detective who led the criminal investigation; and the Title IX investigator whose investigation formed the basis of Syracuse University's determination of responsibility and decision to expel Plaintiff for sexual misconduct. Two additional depositions are scheduled: of another alleged sexual victim of Plaintiff on August 10, and of Plaintiff himself on August 11.

***Law & Argument***

Federal Rule of Civil Procedure 15(a) states that "a court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendment is therefore typically permitted." *Lease Acceptance Corp. v. Bank of Am. Corp.*, No. 08-CV-4673 (JS)(ETB), 2010 WL 11629607, at *2 (E.D.N.Y. Jan. 14, 2010), (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]here must be good reason to deny the motion.'" *Id*. (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

"The court should consider whether (1) the moving party unduly delayed or acted in bad faith, (2) the amendment would be futile, or (3) the amendment would cause the non-moving party unfair prejudice." *Id*. (*citing Foman*, 371 U.S. at 182). Delay alone, however, "absent a showing of bad faith or undue prejudice does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) ("The amended claim was obviously one of the objects of discovery and related closely to the original claim"). "Whether granting the motion to amend would result in undue prejudice is determined 'by deciding whether the amendment would require significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute.'" *Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01-CV-3796 (PKL), 2005 WL 1765715, at *4 (S.D.N.Y. July 25, 2005). "Whereas a party's motion to amend may be denied if the scope of additional discovery would be significant . . . it should be granted where it 'does not call for a new set of facts, but rather largely stems from the discovery that has already occurred[.]'" *Lease Acceptance*, 2010 WL 11629607, at *2 (*citing Benoit v. Com. Cap. Corp.*, No. 03-CV-5328 (PKL), 2008 WL 3911007, at *10 (S.D.N.Y. Aug. 25, 2008)).

Plaintiff cannot show prejudice by the proposed amendment. Indeed, one of Ms. Reddington's defenses to Plaintiff's claims is the truth of her sexual assault allegations. Discovery to date has centered on the validity of and evidence supporting Ms. Reddington's sexual assault allegations. Ms. Reddington has already produced the documentary evidence she possesses concerning her sexual assault allegations, including over 700 emails, 3,800 text messages, her medical and therapy records, law enforcement evidence obtained from her Freedom of Information Law requests, and dozens of photographs of her injuries. Plaintiff has in his possession the police reports, the lead detective's handwritten notes, the District Attorney's file and forensic reports,

and the full Syracuse University Title IX investigation report. Ms. Reddington has even provided Plaintiff with written authorizations to speak with her therapists. Plaintiff has also deposed the prosecutor, detective, and Syracuse University Title IX investigator, extensively questioning each of them regarding Ms. Reddington's sexual assault allegations. The parties have also deposed three fraternity members who were present at the party about their observations and knowledge of the events leading up to and occurring after the assault. Perhaps most importantly, just last week, Ms. Reddington provided over 7 hours of sworn testimony at her deposition, during which counsel for Plaintiff subjected her to extensive questioning regarding the sexual assault. Ms. Reddington testified in detail as to her traumatic memories of being dragged, held, and vaginally and anally penetrated while in Plaintiff's room. The facts supporting Ms. Reddington's proposed counterclaims, therefore, "largely stem[s] from the discovery that has already occurred" and will neither require any additional resources nor delay this case. *Id*.

Though Plaintiff may try, he cannot show that Defendant has unduly delayed or acted in bad faith. Indeed, not only is discovery still open, but the extensive discovery conducted thus far has provided a sound evidentiary basis for Ms. Reddington to bring her counterclaims. As reflected in documents produced, Ms. Reddington sustained numerous injuries after spending the night in Plaintiff's room, including lacerations to her labia, injury to her anus, contusions to her head, and bruising and soreness throughout her body. Moreover, the police laboratory records indicate the presence of male DNA inside Ms. Reddington's underwear, and discovery has confirmed that the ADA never submitted the DNA for further testing. Further, Ms. Reddington just last week provided extensive sworn testimony regarding her memories of the sexual assault, which she is more able to process and accept as a result of her continuing therapy for post-traumatic stress disorder (PTSD).

Moreover, as the Second Circuit has held, even if Plaintiff argues Ms. Reddington has unduly delayed in bringing her counterclaims (which she has not, especially given her diagnosed PTSD and her continuing psychiatric therapy to cope with her disassociated memories), delay alone – without a showing of prejudice – is not enough to deny a motion for leave to amend. *See State Teachers Ret. Bd.,* 654 F.2d at 856 (holding the district court abused its discretion in denying leave to amend where, like here, amendment did not come "on the eve of trial," "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants," and where "the amendment will not involve a great deal of additional discovery.").

Finally, there is no sound argument that the proposed counterclaim would be futile. This evidence all supports Ms. Reddington's proposed counterclaims stemming from conduct which would constitute Rape in the First Degree and Criminal Sexual Act in the First Degree if charged criminally under the New York Penal Law. The proposed counterclaims against Plaintiff for assault and battery and IIED based on his sexual assault are well within the 20-year period of limitations, as recently amended. *See* N.Y. C.P.L.R. 213-c.

We thank the Court for its consideration of this pre-motion conference request to file a Fed. R. Civ. P. 15(a) motion for leave to file counterclaims. We are available at the Court's convenience to appear and address any questions Your Honor may have.

Respectfully submitted,

Sandra L. Musumeci
RILEY SAFER HOLMES & CANCILA LLP
*Attorney for Catherine Reddington*