August 11, 2020

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Alex Goldman v. Catherine Reddington*, 1:18-cv-03662-RPK-ARL

Dear Judge Kovner:

    We represent Plaintiff Alex Goldman in the above-referenced matter. We write to the Court in response to the August 5, 2020 letter from Defendant Catherine Reddington requesting a pre-motion conference with the Court as Defendant seeks to file a motion for leave to file counterclaims.

    As the Court is aware, the discovery deadline in this matter is August 31, 2020—twenty days from now. This deadline was recently extended from July 30, 2020, following a request from Defendant's counsel, to which Plaintiff consented. At no point prior to this extension of the discovery deadline, nor the prior extension of the discovery deadline, did Defendant raise the issue of filing counterclaims. In fact, **the Court's Scheduling Order in this matter required any amendment of pleadings by January 17, 2020** (ECF Dkt. No. 52). Defendant's anticipated motion seeking leave to file counterclaims in this matter seven months after the deadline in the Scheduling Order must be denied as Defendant has intentionally, and in bad faith, delayed filing counterclaims until the close of discovery in an attempt to deny Mr. Goldman the opportunity to seek discovery on these claims. Mr. Goldman will suffer undue prejudice should Defendant be permitted to file counterclaims at this stage in the litigation as Defendant had the necessary facts to file counterclaims at any point in the two years since this litigation was filed, but chose not to do so until the close of discovery. The filing of counterclaims will cause this action to be unduly delayed and force Mr. Goldman to expend significant additional resources to conduct further discovery.

    The Supreme Court has stated that the district court, when considering a motion to amend pleadings, should consider whether: (1) the moving party unduly delayed or acted in bad faith, (2) the amendment would be futile, or (3) the amendment would cause the non-moving party unfair prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Defendant has acted in bad faith in attempting to file counterclaims at this late stage ***and*** Mr. Goldman would suffer unfair prejudice. Notably, the case primarily relied upon by Defendant in her letter—*Lease Acceptance Corp. v. Bank of Am. Corp.*, No. 08-CV-4673 (JS)(ETB), 2010 WL 11629607 (E.D.N.Y. Jan 14, 2010)—is easily distinguishable from the matter at hand. In *Lease Acceptance Corp.*, the discovery order established a deadline for amendment of the pleadings and the defendant timely

SETH J. ZUCKERMAN    SZUCKERMAN@CHAUDHRYLAW.COM    212.785.5558

submitted its motion to amend within the time period required. Whereas here, the Scheduling Order issued by Magistrate Judge Lindsay set a deadline for amendment of pleadings of January 17, 2020—seven months ago. Rule 16(b) requires the issuance of scheduling orders that "must limit the time to…amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Such scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Thus, where a motion to amend is made after a scheduling order's deadline for doing so has expired, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003).

Defendant has not offered any justification for the long delay in seeking to file counterclaims. *See, e.g., Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) ("The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."). In determining what constitutes "prejudice," the Second Circuit considers whether the assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). The Second Circuit has also held that permitting an amended pleading after discovery has been completed is especially prejudicial. *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (court is required to consider any prejudice that might result to party opposing amendment). Although discovery is not officially closed, it is essentially cutoff as Mr. Goldman cannot propound any additional discovery devices that are returnable within the discovery period. Mr. Goldman will suffer prejudice because he either will not be permitted to conduct discovery as to the counterclaims because the discovery period will have ended, *or* Mr. Goldman will be required to expend significant additional resources in conducting new discovery—from the same witnesses—as to Defendant's counterclaims. Either way, Mr. Goldman will suffer harm. Defendant argues that her counterclaims and her defense to Mr. Goldman's claims are one in the same. However, this is not accurate. Defendant's defense to Mr. Goldman's defamation cause of action is that Defendant's statements are true. Defendant now seeks leave to interpose the counterclaim of a violation of C.P.L.R. § 213-c, which provides that certain civil claims may be brought if they result from conduct which violates certain enumerated sections of the New York State Penal Law ("NYSPL"). Thus, if the counterclaims are filed, Defendant is required to prove the elements of the pleaded sections of the NYSPL. Mr. Goldman had no reason to previously seek discovery regarding whether Defendant's allegations met the elements of certain sections of the NYSPL and further discovery from Defendant and non-party witnesses regarding the counterclaims would be necessary.

Recently, a court in the Southern District of New York, ruled that a motion for leave to file an amended pleading filed within the required timeline does not preclude a finding of undue delay **since the movant had the facts necessary to bring the additional claim at an earlier junction and chose not to**. *Ferring B.V. v. Serenity Pharmaceuticals LLC*, No. 17-CV-9922 (RWS), 2019 WL 117316 (S.D.N.Y. Jan. 7, 2019) (**emphasis added**) (citing *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) ("[T]he district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no

satisfactory explanation is made for the delay, and the amendment would prejudice the [nonmoving party]. The burden to explain a delay is on the party that seeks leave to amend")).

Defendant's letter to the Court tellingly cites to the Complaint filed in June 2018 to provide factual background. In other words, Defendant was aware of these facts since the commencement of this litigation and only on the eve of the closure of discovery two years later does Defendant seek to file counterclaims. Defendant does not claim there are newly learned facts. In fact, Defendant intentionally waited until a few days after her July 28th, 2020 deposition to seek leave to file these counterclaims. Defendant's actions clearly demonstrate that she is trying to prevent Mr. Goldman from seeking discovery on her purported counterclaims. If Defendant's counterclaims are so intertwined with Plaintiff's claims, why didn't Defendant file these counterclaims sooner instead of waiting until the eve of the close of discovery? The answer demonstrates Defendant's bad-faith conduct and inordinate delay in an attempt to prejudice Mr. Goldman.

Although Defendant's counterclaims arise from similar events, Mr. Goldman will suffer undue prejudice because this matter will be substantially delayed. Mr. Goldman will likely require the following: (1) time to file a motion to dismiss the counterclaims; (2) time to conduct discovery related to the counterclaims, including a further deposition of Ms. Reddington as to the counterclaims; (3) depositions of potentially other fact witnesses relating to the counterclaims, including possibly further depositions of certain witnesses; (4) time to conduct expert discovery; and (5) time to file a motion for summary judgment on the counterclaims. The filing of counterclaims will no doubt delay this action, which apparently is exactly what Defendant is attempting to do. Defendant will likely argue that Mr. Goldman is not entitled to any additional discovery, which is exactly why Defendant intentionally waited until after Ms. Reddington's deposition and the close of discovery to seek leave to file counterclaims.

Lastly, Defendant asserts that she wishes to file a counterclaim for intentional infliction of emotional distress. In New York, a claim for intentional infliction of emotional distress ("IIED") is subject to a one-year statute of limitations. *See* C.P.L.R. § 215(3); *Gallagher v. Directors Guild of America, Inc.*, 144 A.D.2d 261 (1st Dept. 1988). Defendant's citation to the amended section of C.P.L.R. § 213-c may apply to the purported assault and battery claim, but not an IIED claim. C.P.L.R. § 213-c does not authorize an IIED claim, nor does it extend the statute of limitation for such a claim. In fact, just last year, the Second Circuit, in analyzing New York State law, specifically held that an IIED claim has a one-year statute of limitations. *Powell v. Lab Corporation*, 789 Fed.Appx.237, 240-41 (2d Cir. 2019).

In conclusion, we respectfully request that this Court deny Defendant's intentionally late request seeking to file a motion for leave to file counterclaims as her request is made in bad faith, Mr. Goldman will suffer undue prejudice, and the counterclaims will cause an undue delay to this litigation. Defendant also cannot meet the good cause requirement of Rule 16(b).

We thank the Court for its consideration. We stand ready at the Court's convenience for a pre-motion conference.

Seth J. Zuckerman         szuckerman@chaudhrylaw.com         212.785.5558

Respectfully submitted,

Seth J. Zuckerman