August 28, 2020

**VIA ECF**
The Honorable Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

      Re:    *Alex Goldman v. Catherine Reddington*, 1:18-cv-03662-RPK-ARL

Dear Magistrate Judge Lindsay:

We represent plaintiff Alex Goldman in the above-referenced matter.

We write to the Court, and seek the Court's guidance, as Defendant has recently issued a subpoena to a non-party in clear violation of Your Honor's August 13, 2020 Order stating that "[t]he parties may not serve new discovery requests at this time."

As the Court is aware, on the eve of the close of discovery in this matter Defendant is belatedly seeking to amend her pleading to add counterclaims against Mr. Goldman. Following Defendant's request to file a motion for leave to amend her pleading, Your Honor set a briefing schedule. To provide the parties time to address the motion, the Court extended the discovery deadline to October 30, 2020 "**for the limited purpose of completing outstanding discovery**." The Court succinctly stated "**[t]he parties may not serve new discovery requests at this time**."

So it came as a surprise when on August 25, 2020, we received from Defendant's counsel notice of a subpoena for production of documents that Defendant issued to the Onondaga County Center for Forensic Sciences (OCCFS), a non-party. A copy of the notice of subpoena is annexed hereto as *Exhibit A*. At no time prior to the issuance of this subpoena, nor the August 13, 2020 Court Order, was any discovery request made in accordance with the Federal Rules of Civil Procedure to any party or non-party regarding the subject matter of the subpoena to OCCFS. This subpoena was the first time undersigned counsel learned of any discovery request to OCCFS.

Subsequently, we attempted to meet and confer in good-faith with Defendant's counsel regarding the fact this subpoena violates Your Honor's Order. Defendant's counsel refuses to withdraw the subpoena and somehow contends that this subpoena is part of an ongoing request because they had informal discussions with OCCFS prior to Your Honor's Order. However, as stated previously, no discovery request had been made and thus there was no outstanding discovery relating to this issue.

SETH J. ZUCKERMAN        SZUCKERMAN@CHAUDHRYLAW.COM        212.785.5558

As Your Honor made very clear, no new discovery requests are permitted at this time. If they were, Mr. Goldman would propound additional discovery requests and subpoenas. Instead, Mr. Goldman had abided by Your Honor's Order, something Defendant has clearly failed to do. Should the Court not quash Defendant's subpoena, Plaintiff respectfully requests the same opportunity.

In conclusion, we respectfully request that Your Honor quash Defendant's subpoena as it violates this Court's Order. We thank the Court for its consideration. Should the Court require any additional information, we stand ready at the Court's convenience.

Respectfully submitted,

Seth J. Zuckerman