EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
ALEX GOLDMAN,           :    Case No. 1:18-cv-03662-RPK-ARL
                        :
         Plaintiff,     :    **NOTICE OF SUBPOENA**
                        :
    -against-           :
                        :
CATHERINE REDDINGTON,   :
                        :
         Defendant.     :
------------------------------------------------------- x

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Riley Safer Holmes & Cancila LLP will direct the attached subpoena to be served upon the following:

Wallie Howard Jr. Center for Forensic Sciences / Onondaga County Health Department
c/o Onondaga County Department of Law
Attn: Robert A. Durr, Esq., Onondaga County Attorney
John H. Mulroy Civic Center 10th Floor
421 Montgomery Street
Syracuse, New York 13202

DATED: New York, New York
August 25, 2020

Sandra L. Musumeci
Brittney Denley
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, NY 10019
Phone: (212) 660-1000
Fax: (212) 660-1001
smusumeci@rshc-law.com
bdenley@rshc-law.com

Matthew P. Kennison (admitted *pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington, Suite 402

Ann Arbor, MI 48104
Tel: 734.773.4911
Fax: 734.773.4901
mkennison@rshc-law.com

*Attorneys for Catherine Reddington*

To:  Seth J. Zuckerman
 CHAUDHRYLAW PLLC
 45 West 29th Street, Suite 303
 New York, NY 10001

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Alex Goldman | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-03662-RPK-ARL |
| Catherine Reddington | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wallie Howard Jr. Center for Forensic Sciences and Onondaga County,
Attn: Robert Durr, Esq., John H. Mulroy Civic Center, 10th Floor, 421 Montgomery Street, Syracuse NY 13202

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Costello, Cooney & Fearon, PLLC<br>Attn: Robert J. Smith, Esq,<br>500 Plu Street, Suite 300, Syracuse, NY 13204-1401 | Date and Time:<br><br>09/07/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/25/2020

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Catherine Reddington, who issues or requests this subpoena, are:

Sandra L. Musumeci, 200 Vesey Street, 24th Floor, New York, NY 10281; smusumeci@rshc-law.com; (212) 660-1032

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-03662-RPK-ARL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## **DEFINITIONS**

1. "Action" means the litigation captioned on the face of this Subpoena pending in the United States District Court for the Eastern District of New York, Civil Action Number 18-cv-03662-RMM-ARL.

2. "Defendant" or "Reddington," means Defendant Catherine Reddington.

3. "Plaintiff" or "Goldman" means Plaintiff Alex Goldman, and his past or current agents, attorneys, accountants, and representatives.

4. "Allegations raised" means the allegations of sexual assault made by Catherine Reddington against Alex Goldman.

5. "You," "Your," "Yours," or "Onondaga County" means the the County of Onondaga in New York State and its departments and agencies, as well as your past and current agents, attorneys, employees, contractors, and representatives, including but not limited to the Onondaga County Health Department and the Wallie Howard Jr. Center for Forensic Sciences in Syracuse, New York.

6. "Agent" means an individual or entity's past and current agents, attorneys, employees, contractors, accountants, and representatives.

7. "Document(s)" is used in the broadest possible sense permissible under the Federal Rules of Civil Procedure and the Eastern District of New York Local Civil Rule 26.3(2), and means every written, recorded or graphic matter or material or any kind, type, nature or description (whether in tangible, oral, hard copy, printed or electronic form) that is or has been in your possession, custody or control, including all hard copy documents, correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprint, drawing, sketches, graphs, plans, calculations, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, electronic chat messages, text messages, voice mails, instant messages, calendars, appointment books, computer files, computer printouts, data compilations of any kinds in electronic form or otherwise, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials , films, video tapes, audio tapes, CDs, computer disks or diskettes,

brochures, pamphlets or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduces, (whether tangible, hard copy, printed, or electronic form), and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

8. "Communication(s)" means the transmittal of the information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, letter facsimile, email, memorandum, telephone, text message, direct message over social networking sites and/or any type of Document.

9. "Electronically Stored Information" or "ESI" includes all of the items in electronic format that are included in the definition of the term "Documents," above, and also more specifically, email messages, instant messages, text messages, word processing document (e.g., memos, letters), databases, spreadsheets, voicemail messages, digital photographs, sound recordings, video recordings, accounting application data (e.g. QuickBooks), presentations (e.g., PowerPoint), Internet and Web-browser-generated history files, caches and "cookies" files, and data, communications, or postings or messages on any social networking site (e.g. Facebook, Myspace, LinkedIn, Twitter, Instagram)

10. "Relating to" means referring to, regarding, reflecting, concerning, constituting, comprising, containing, setting forth, summarizing, relating to, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing or evaluating, directly or indirectly.

11. The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

12. The term "any" includes the word "all," includes the word "any."

13. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive, and to bring within the scope of these requests any all Documents and ESI which might otherwise be construed to be outside the scope. Similarly, wherever necessary to ensure the completeness or accuracy of these requests, the singular includes the plural and the plural includes the singular, and the use of the present tense of any word shall include the past tense and vice versa.

## GENERAL INSTRUCTIONS

1. You are requested to produce all Documents and ESI designated below which are in the possession, custody or control of the Wallie Howard Jr. Center for Forensic Sciences in Syracuse, New York, or another department or agency of Onondaga County, or in the

possession, custody or control of any agents, attorneys, employees, contractors, or representatives of Onondaga County.

2. You are requested to product the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

3. Each Request for Documents herein and subparagraphs or subdivisions thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

4. In any Document requested herein was at one time in existence but has been lost, discarded or destroyed, identify each such Document including its date, author, number of pages, attachment or appendices, sender, recipients, last custodian and subject matter and the paragraph of this request to which such Document is to would have been responsive, and stating the date, place, manner and circumstance of, and the reasons for, the Document's destruction, discard or loss.

5. If You claim any privilege as a basis for not answering any request or any portion thereof or for withholding any otherwise responsive Document, please set forth with respect to each such Document, in sufficient detail to identify the particular Document, and to allow the court to adjudicate the validity of each claim of privilege, without disclosing the information which is claimed to be privileged, the following:

    a. The type of Document (e.g., letter, memorandum, report, etc.);
    b. Its title and file reference, if any;
    c. The subject matter of the Document;
    d. The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such Document, and state for each such person whether he or she is an attorney and, if so, on whose behalf her or she was acting; and
    e. The basis of the claim of privilege, and each fact relied up in claiming the privilege.

6. If redacted Documents are produced, the reasons for the redactions shall be set forth either on the Documents that have been redacted or on attachments to the redacted Documents.

7. If You do not possess Documents necessary to comply with a request, You are under a duty to make a reasonable effort to obtain such Documents. These requests are continuing in nature. If after the initial production of Documents, You obtain, discover, locate, or

generate any further Documents responsive to these requests, supplementary responses are to be served and such Documents are to be made available to Defendant.

8. Documents produced electronically shall be produced in searchable TIFF format, with optical character recognition (OCR). The unitization of each document shall be maintained as it existed in each original document, meaning the first and last page of each document shall be identified. To the extent that paper documents are being scanned and produced electronically, such documents shall be produced as searchable PDFs.

9. Unless otherwise specified, each request below seeks Documents dating from April 24, 2017 through the present.

10. You are requested to produce all Documents designated below via email, if possible, to Sandra L. Musumeci at smusumeci@rshc-law.com. For Documents and other items that cannot be produced via email, You are requested to contact Sandra L. Musumeci at Riley Safer Holmes & Cancila LLP, 200 Vesey Street, 24th Floor New York, New York 10281, 212-660-1032, smusumeci@rshc-law.com to make arrangements for the delivery and receipt of said items.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. The full laboratory file / bench file, including any and all data, notes, documents, reports, requests, notations, summaries, memoranda, calculations, inventories, chain of custody documents, and other bench notes, related to the items received at and/or tested and/or otherwise processed by the Wallie Howard Jr. Center for Forensic Sciences and/or the Onondaga County Health Department under Laboratory Number L17-0564, pertaining to Syracuse Police Department Agency Case # 17-256566.

2. Any and all documents, logs, inventories, or other materials reflecting chain of custody of the items received and tested by the Wallie Howard Jr. Center for Forensic Sciences and/or the Onondaga County Health Department under Laboratory Number L17-0564, pertaining to Syracuse Police Department Agency Case # 17-256566.

3. The DNA extracts and reagent blanks in the possession of the Wallie Howard Jr. Center for Forensic Sciences and/or the Onondaga County Health Department related to the items received and tested by the Wallie Howard Jr. Center for Forensic Sciences and/or the Onondaga County Health Department under Laboratory Number L17-0564, pertaining to Syracuse Police Department Agency Case # 17-256566.