

**Sandra L. Musumeci**
200 Vesey Street
24th Floor
New York, NY 10281
T: 212-660-1032
F: 212.660.1001
smusumeci@rshc-law.com

August 31, 2020

**VIA ECF**
The Honorable Magistrate Judge Arlene R. Lindsay
United States District Court – Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

      Re:   *Alex Goldman v. Catherine Reddington,*
             Case No. 1:18-cv-03662-(RPK)(ARL)

Dear Magistrate Judge Lindsay,

    We represent defendant Catherine Reddington in the above-referenced action and write in response to the August 28, 2020 letter of Seth J. Zuckerman, counsel for plaintiff Alex Goldman, pursuant to Local Rule 37.3(c). Contrary to Mr. Zuckerman's contentions, the defense has complied with the Court's August 13, 2020 Order and not issued any new discovery requests that would violate the Court's directive. The August 25, 2020 subpoena to nonparty Onondaga County's Wallie Howard, Jr. Center for Forensic Sciences ("OCCFS") was, as previously explained to counsel, a continuation of outstanding discovery that had been sought well in advance of the Court's August 13, 2020 Order. Plaintiff's proposed motion to quash is without merit.

    By way of background, on August 13, 2020, the Court issued an Order addressing Ms. Reddington's August 5, 2020 request for a pre-motion conference regarding a proposed motion for leave to file counterclaims (Dkt. 71). In addition to setting a briefing schedule for the motion, the Court stated, in relevant part:

> … To provide the parties time to address the motion, the Court will also adjourn the discovery deadlines one final time to October 30, 2020 for the limited purpose of completing outstanding discovery. The parties may not serve new discovery requests at this time….

(Order of August 13, 2020.) The Court restricted the parties from serving "new discovery requests" in order to allow the parties to focus on the motion for leave to file counterclaims. In other words, the Court took measures to shield the parties from the distraction and burden of

imposing new discovery requests[1] on each other while the motion regarding potential counterclaims was being briefed and decided. But by its express terms, the Court's Order extended the discovery deadline to allow the parties to secure and complete outstanding discovery.

The defense has honored and acted in accord with the Court's August 13, 2020 Order, and Plaintiff's protests to the contrary reflect a misreading of the Court's Order and the Federal Rules of Civil Procedure. As an initial matter, the subpoena that Plaintiff now challenges was issued to a nonparty – not Plaintiff – and undisputedly seeks materials relevant to Plaintiff's existing claims and Ms. Reddington's defenses to those claims. A January 9, 2018 report from OCCFS regarding its testing of physical evidence related to Ms. Reddington's sexual assault has been produced by both parties in discovery and discussed in multiple depositions thus far. The subpoena at issue seeks to obtain certain materials from OCCFS that underlie that report.

Moreover, the August 25, 2020 subpoena was patently an effort to complete outstanding discovery. Counsel for Ms. Reddington first communicated with Onondaga County officials regarding the specific materials sought by the subpoena back in July, well in advance of the Court's August 13, 2020 Order. The subpoena was sent at Onondaga County Attorney Robert Durr's express request to formalize the prior requests that the defense had made to OCCFS over multiple previous communications:

- On July 27, 2020, counsel for Ms. Reddington reached out via email to Dr. Kathleen Corrado, director of OCCFS, to inquire about obtaining a copy of the laboratory file and the DNA extracts and reagent blanks from OCCFS's analysis of Ms. Reddington's physical evidence from the night she was sexually assaulted by Plaintiff. *See* **Exhibit A**.
- On July 28, 30, and 31, 2020, defense counsel and Dr. Corrado had a handful of email exchanges about scheduling a call to discuss the requests.
- On July 31, 2020, counsel for Ms. Reddington spoke to Dr. Corrado by telephone to discuss the request for a copy of the laboratory file and DNA extracts and reagent blanks. Dr. Corrado confirmed the existence of a lab file, DNA extracts, and reagent blanks from the analysis of Ms. Reddington's evidence and indicated that she needed to confer with the Onondaga County Attorney to determine whether and how she could accommodate Ms. Reddington's requests.
- On August 6, 2020, Ms. Reddington's counsel sent an email to Dr. Corrado to follow-up on their July 31, 2020 discussion. Dr. Corrado responded by email and advised counsel that she had referred Ms. Reddington's request to the Onondaga County Attorney, Robert Durr, Esq., who would contact counsel directly about OCCFS's ability to produce materials in response to the request. *See* **Exhibit B**.
- On August 18, 2020, counsel for Ms. Reddington again emailed Dr. Corrado because Mr. Durr had not yet followed up, as promised, about the pending request. In this same email, counsel for Ms. Reddington also specified the need to obtain a chain of custody for Ms.

---

[1] Presumably, the Court was contemplating in particular new requests relevant to the proposed counterclaims – for example, interrogatories and document requests pertaining to Ms. Reddington's proposed damages claim.

- Reddington's forensic evidence. Dr. Corrado responded that she would forward the email directly to Mr. Durr. *See id.*
- On August 18, 2020, within an hour of the email sent to Dr. Corrado, Onondaga County Attorney Durr called defense counsel to address the request. Mr. Durr indicated that OCCFS would honor Ms. Reddington's request but needed a subpoena for its records to formalize the request. Mr. Durr followed up with an email to provide his email address, where he would accept informal service of the subpoena.
- On August 25, 2020, counsel for Ms. Reddington prepared and sent via email a subpoena to OCCFS via Mr. Durr, in accord with his request. *See **Exhibit C***. In compliance with Fed. R. Civ. P. 45(a)(4), defense counsel notified Plaintiff's counsel of the subpoena several hours in advance of sending it to the nonparty recipient, noting specifically that the subpoena was being sent at OCCFS's request in connection with a previously-outstanding request for discovery. *See **Exhibit D***.

Of course, the Federal Rules of Civil Procedure do not require a party to notify another party of any and all efforts to obtain discovery materials from nonparties, such as through voluntary production or FOIL requests. Notice to other parties *is* required when serving a subpoena pursuant to Rule 45, and accordingly, that is when Plaintiff's counsel learned of the defense's efforts to obtain discovery from OCCFS. But Plaintiff's first awareness of the request on August 25, 2020 does not refute that the request had been pending long before that.

The defense explained this history to Plaintiff's counsel both when initially providing him with a Notice of Subpoena on August 25, 2020, *see **Exhibit D**,* and in subsequent meet-and-confer email communications. *See **Exhibit E***. Mr. Zuckerman, however, refused to concede that the OCCFS subpoena was compliant with the Court's August 13, 2020 Order ***unless*** the defense agreed to allow Plaintiff to circumvent the Court's Order and issue new discovery requests – something that defense counsel plainly is not authorized to do. *See id.* In an effort to address Plaintiff's concerns, counsel for Ms. Reddington proposed a meet-and-confer telephone call to discuss a possible joint application asking the Court to authorize limited additional discovery while the motion for leave is being briefed and decided. *See id.* But rather than entertain a phone call, as prescribed by Local Rule 37.3(a), to address that proposed solution, Mr. Zuckerman responded by filing his August 28, 2020 letter seeking to quash the subpoena.

Defense counsel has acted in good faith and complied with both the letter and the spirit of the Court's August 13, 2020 Order. In contrast, given his refusal to accept the defense's explanation that the August 25, 2020 nonparty subpoena was issued to complete outstanding third-party discovery, his failure to meet and confer to discuss possible solutions for his concerns about the limitations on discovery, and his haste to accuse the defense of violating a Court Order, Plaintiff's counsel appears to be trying to gain a tactical advantage rather than productively work through discovery issues. There is no merit to Plaintiff's application, and his motion to quash should be denied.

We thank the Court for its consideration.

        Respectfully submitted,

        Sandra L. Musumeci
        RILEY SAFER HOLMES & CANCILA LLP
        *Attorney for Catherine Reddington*

Cc:    Seth Zuckerman, Esq.    (via ECF)
       Chaudhry Law PLLC
       45 West 29th Street, Suite 303
       New York, New York 10001