February 2, 2021

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Alex Goldman v. Catherine Reddington*, 1:18-cv-03662-RPK-ARL

Dear Judge Kovner:

We represent Plaintiff Alex Goldman in the above-referenced matter.  We write to the Court in response to the January 26, 2021 letter from Defendant Catherine Reddington seeking leave of the Court to supplement her pending Motion for Leave to Amend Pleadings to add an additional counterclaim for an alleged violation of New York's recently amended Anti-SLAPP statute.  Defendant previously filed a Motion for Leave to Amend Pleadings to add counterclaims[1] and that motion was denied with leave to renew by Magistrate Judge Lindsay on September 22, 2020 (See unnumbered docket entry following ECF No. 76).  Defendant renewed her motion on October 2, 2020 and that motion remains pending.

Defendant's new request for leave to supplement her pending motion must be denied for the following reasons: (1) The Second Circuit has specifically prohibited the enforcement of state anti-SLAPP laws in federal courts within this Circuit; (2) Defendant improperly seeks to apply this new anti-SLAPP law retroactively, despite the fact the law was not in place at the time this lawsuit was filed; and (3) Defendant's motion to amend her pleadings is untimely as the Court's Scheduling Order in this matter required any amendment of pleadings by January 17, 2020—over one year ago.

***The Second Circuit Prohibits The Application of State Anti-SLAPP laws in Federal Court***

The Second Circuit recently rejected the application of a state anti-SLAPP law in federal court.  *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020).  In *La Liberte*, the Second Circuit held because California's anti-SLAPP statute increases a plaintiff's burden to overcome pretrial dismissal, and thus conflicts with Federal Rules of Civil Procedure 12 and 56, it is inapplicable in federal court.  Likewise, other circuits, including the Fifth, Eleventh, and D.C. Circuits have also held that state anti-SLAPP statutes are inapplicable in federal court in that they conflict with the Federal Rules of Civil Procedure.  *See Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019);

---

[1] Defendant's initial motion sought to add two counterclaims, however, following the filing of Mr. Goldman's opposition, Defendant's reply papers indicated Defendant was withdrawing her request for one of the counterclaims.

SETH J. ZUCKERMAN     SZUCKERMAN@CHAUDHRYLAW.COM     212.785.5558

*Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015).

Similarly here, the recently amended New York anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure. One such example is that CVR § 70-a provides that "costs and attorney's fees may be recovered upon a demonstration that the action involving public petition and participation was commenced or continued ***without a substantial basis in fact and law*** and ***could not be supported by a substantial argument*** for the extension, modification or reversal or existing law" (emphasis added). The statute fails to define "substantial basis" and "substantial argument." Regardless, this statute raises the burden on a plaintiff to survive an anti-SLAPP motion challenge to a degree higher than on any other motion to dismiss or motion for summary judgment, in direct conflict with Rules 12 and 56. The vague language does not detail how much more a plaintiff must show to satisfy the statute's "substantial basis" or "substantial argument" threshold, but makes clear that the standard is higher. This is the same reason the Second Circuit has rejected the use of state anti-SLAPP laws. Thus, New York's anti-SLAPP statute does not apply in federal courts in this Circuit.

### *The New Anti-SLAPP Law is Not Retroactive*

On November 10, 2020, the revised New York anti-SLAPP statute was signed into law. Defendant now seeks to apply the newly amended New York anti-SLAPP law retroactively. However, there is no basis for doing so. The New York state Legislature has not made a specific pronouncement about retroactive effect, and in light of the lack of pronouncement, it is clear the Legislature did not intend for the anti-SLAPP statute to apply retroactively, or they would have indicated such intent.

Under settled New York law, statutory amendments are generally "presumed to have prospective application under the Legislature's preference for retroactivity is explicitly stated or clearly indicated." *Matter of Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001). Additionally, applying the recently amended anti-SLAPP statute retroactively implicates due process concerns. Applying this recently amended statute (assuming *arguendo* that it even applies in federal court following the conflict with the Federal Rules of Civil Procedure) retroactively would effectively punish plaintiffs for having filed lawsuits at a time where the anti-SLAPP law did not apply.

This matter is substantially different than *Palin v. New York Times Co.*, 2020 WL 7711593 (S.D.N.Y. Dec. 29, 2020), where plaintiff, former vice-presidential candidate Sarah Palin, was a public figure and the issue was whether she was required to establish actual malice regardless of the new anti-SLAPP statute. As the Court in *Palin* pointed out, "any public figure seeking to recover damages for defamation would already have had to prove actual malice as a matter of federal law separate and apart from the requirements of New York law." *Id.* at *3.

*Defendant's Motion is Untimely*

We are now almost three years since this lawsuit was commenced. As the Court is aware, Magistrate Judge Lindsay previously issued a Scheduling Order in this matter (ECF No. 52). **The Court's Scheduling Order in this matter required any amendment of pleadings by January 17, 2020** (ECF No. 52). Thus, Defendant's new request to file a supplemental motion seeking leave to amend her pleadings is being made over one year after the Court Ordered deadline passed. In fact, Defendant's first request for leave to amend her pleadings was filed seven months after this deadline. The discovery deadline—October 30, 2020—has also since expired in this matter.

As stated in opposition to Defendant's original motion seeking leave to amend her pleadings and file counterclaims, Defendant intentionally waited until the eve of the close of discovery to file her Motion for Leave to Amend Pleadings. Now that discovery has closed and over one year since the Court Ordered deadline for amendment of pleadings has passed, Mr. Goldman will suffer undue prejudice if Defendant is permitted to file counterclaims at this late date.

In conclusion, we respectfully request that this Court deny Defendant's very belated request seeking leave to file a supplemental motion for leave to file a new counterclaim.

We thank the Court for its consideration. We stand ready at the Court's convenience for a pre-motion conference.

Respectfully submitted,

Seth J. Zuckerman