

**Sandra L. Musumeci**
136 Madison Avenue
6th Floor
New York, NY 10016
T: 212-660-1032
F: 212.660.1001
smusumeci@rshc-law.com

May 19, 2021

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Alex Goldman v. Catherine Reddington,*
           Case No. 1:18-cv-03662-(RPK)(ARL)

Dear Judge Kovner,

    We represent Catherine Reddington ("Defendant" or "Ms. Reddington") in the above-referenced action and respectfully submit this reply in response to Plaintiff's Rule 72 Objections to Magistrate Judge's Report and Recommendation. (ECF No. 119).

    On April 21, 2021 the Honorable Magistrate Judge Arlene K. Lindsay issued a Report and Recommendation (the "R&R") recommending that the Court grant Defendant Catherine Reddington's motion to amend her pleading to add a counterclaim and affirmative defense pursuant to New York's Anti-SLAPP ("Anti-SLAPP Counterclaim Motion") and deny Ms. Reddington's motion to add a counterclaim for assault and battery ("Assault Counterclaim Motion"). (ECF No. 116). By letter dated May 5, 2021, Plaintiff Alex Goldman objected to that portion of the R&R that would grant Ms. Reddington's Anti-SLAPP Counterclaim Motion ("Objections").[1] (ECF No. 119). Plaintiff fails to identify any material errors in Magistrate Judge Lindsay's analysis, however, and raises no authority or arguments that would warrant reversal of the Magistrate's well-reasoned decision and exercise of discretion. For the reasons set forth herein, Defendant submits that the Court should adopt the R&R's legal findings and grant Defendant's Anti-SLAPP Counterclaim Motion.

**A.    Factual Background**

    On April 22, 2017, while still a thriving student at Syracuse University, Defendant Reddington attended a party at the DKE fraternity house, where Plaintiff Alex Goldman lived. At approximately 12:30 a.m. on April 23, 2017, Ms. Reddington walked with Plaintiff into his room

---

[1] Neither party objected to that portion of Magistrate Judge Lindsay's R&R which recommended denying the Assault Counterclaim Motion.

where she remained until approximately 10:30 a.m. Ms. Reddington awoke in Plaintiff's room feeling sore, mentally cloudy, and extremely confused about what had occurred. However, abundantly clear to Ms. Reddington when she awoke was the fact that Plaintiff was rubbing his hand near her vulva under her shorts, and that she felt pain and discomfort throughout her body. Specifically, she felt pain in her groin, anus, and head, unsteadiness on her feet, and difficulty walking and sitting. Upon leaving Plaintiff's room, Ms. Reddington discovered tears to her clothing, blood in the seat of her underwear and shorts, and additional physical injuries.

Suspecting and later recognizing and remembering that she had been sexually assaulted and possibly involuntarily drugged, Ms. Reddington sought medical attention, pursued evidence preservation (via SANE), and reported her experience to the Title IX Administrators at her University as well as the Syracuse Police Department ("SPD"). SPD and the Onondaga District Attorney's Office ("OCDA") conducted a grossly deficient investigation of Ms. Reddington's claims, failing to document key injuries, collect and inspect physical evidence, and test critical DNA evidence. OCDA then represented that a "full and thorough" investigation had been conducted and that there was no credible proof of any sexual conduct, consensual or nonconsensual, between Mr. Goldman and Ms. Reddington. Notwithstanding this, Syracuse University conducted its own investigation and University conduct hearing, and based on a preponderance of the evidence, determined that Plaintiff had engaged in unwanted sexual contact with Ms. Reddington, and permanently expelled him from the University.

After an intensely traumatizing experience, Ms. Reddington chose to post her views on social media about both Plaintiff's assault on her and her experience with the reporting and investigation thereof. Plaintiff subsequently initiated this lawsuit asserting claims of defamation and tortious interference[2] as a thinly veiled attempt to trample Ms. Reddington's ability to speak about the ongoing harm that she experiences as a result of his actions toward her. Defendant now seeks leave to pursue an affirmative counterclaim and defense against Plaintiff, premised on New York's recently expanded Anti-SLAPP statute.

## B.  Applicable Legal Standard

"The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue 'is dispositive of a party's claim or defense.'" *Dorsainvil v. City of New York*, No. 19-CV-02323 (RPK) (SMG), 2020 WL 6482348, at *2 (E.D.N.Y. Nov. 4, 2020) (*citing* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)). In general, for a non-dispositive issue, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). By contrast, the district court must review *de novo* a party's proper objections to a magistrate judge's recommendation on a dispositive issue. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

---

[2] Defendant disagrees with certain aspects of Magistrate Judge Lindsay's characterization of Plaintiff's allegations, (*see* ECF No. 116 at 1-3 ("Factual Averments")), but recognizes that the Complaint (ECF No. 1) speaks for itself.

It remains unsettled in the Second Circuit whether, and under what circumstances, a motion for leave to file an amended pleading is properly classified as dispositive or non-dispositive. *See, e.g., Dorsainvil*, 2020 WL 6482348, at *3; *Rivers v. New York City Housing Authority*, 11-cv-5065 (KAM) (MDG), 2014 WL 12829494, at *3 (E.D.N.Y. Nov. 17, 2014) (*citing cases*). Some courts have adopted a bifurcated approach, whereby a magistrate judge's denial of a motion to amend to add a claim should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive. *See Rivers*, 2014 WL 12829494, at *4 (*citing Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811, 2012 WL 959403, at *6 n.6 (E.D.N.Y. March 21, 2012); *Baez v. Majuri*, No. 10-CV-3038, 2011 WL 5118442, at *2 (E.D.N.Y. Oct. 27, 2011)).

Regardless of whether a matter is dispositive or not, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Pressley v. City of New York*, No. 11-cv-03234 (PKC) (RER), 2016 WL 1271480, at *3 (E.D.N.Y. Mar. 31, 2016) (*quoting Armatas v. Maroulleti*, No. 08-cv-310, 2010 WL 4340334, at *2 (E.D.N.Y. Oct. 22, 2010)). Stated further, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz*, No. 97-CIV-3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

"An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (*quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). "Under the clearly erroneous standard of review of [Federal Rule of Civil Procedure ('FRCP')] 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Pressley*, 2016 WL 1271480, at *1 (*quoting Pall Corp. v. Entegris, Inc.*, 655 F. Supp.2d 169, 172 (E.D.N.Y. 2008)). "Pointedly, this highly deferential standard of review imposes a 'heavy burden' on the party challenging the order." *Karavani v. Nooklyn*, 19-cv-1588 (ENV) (RER). 2020 WL 92210, at *1 (E.D.N.Y. Jan. 8, 2020) (*citing Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991)). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (*citing U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**C.    Argument**

Plaintiff challenges Magistrate Judge Lindsay's R&R recommending that the Anti-SLAPP Counterclaim Motion be granted by raising four objections: one objection to the motion's timeliness under Rule 16 and three objections related to determinations of futility under Rule 15. Notably, Plaintiff failed to identify the standard of review by which he contends the Court should review his objections to the R&R. Under either a *de novo* or clearly erroneous standard of review, however, none of Plaintiff's objections has merit or correctly identifies controlling law that would alter the appropriate resolution of the Anti-SLAPP Counterclaim Motion. As set forth herein, the

3

Court should adopt Magistrate Judge Lindsay's R&R and grant Ms. Reddington's Anti-SLAPP Counterclaim Motion.[3]

### 1. The R&R's Rule 16 Analysis on Good Cause and Diligence Is Entitled to Deference, Is Correct, and Should Be Adopted.

In the R&R, Magistrate Judge Lindsay correctly concluded that Ms. Reddington satisfied the required showing of good cause and diligence under Rule 16, notwithstanding that the defense filed the Anti-SLAPP Counterclaim Motion after the Court's deadline for amendment of pleadings. Plaintiff challenges this finding by alleging that Judge Lindsay "failed to demonstrate" a "thorough analysis" in evaluating the time frame in which Ms. Reddington sought to amend her pleadings. (ECF No. 119 at 1.) This objection is unavailing and should be overruled.

First, while couched as a criticism of Magistrate Judge Lindsay's analysis, Plaintiff's objection, at root, merely reiterates his well exhausted argument that Ms. Reddington's Anti-SLAPP Counterclaim Motion was filed after the deadline for the amendment of pleadings, after the close of discovery, and three months after the amendment of New York's Anti-SLAPP statute. (*Compare* ECF No. 119 at 1-2; ECF No. 106 at 1, 3; ECF No. 114 at 11-14.) Accordingly, as an argument already presented to the magistrate judge, this objection may be sustained only if the diligence finding of the R&R is clearly erroneous or contrary to law. *See Pressley*, 2016 WL 1271480, at *3.

Tellingly, Plaintiff offers no authority to support his timeliness objection. The absence of cases that constitute controlling authority is "fatal to [a] 'contrary to law' objection." *Pall Corp.*, 655 F. Supp. 2d at 174.

Moreover, viewed under any standard, Magistrate Judge Lindsay's Rule 16 analysis of the Anti-SLAPP Counterclaim Motion was thorough, well-reasoned, and in accord with prevailing authority. She identified the relevant legal standard under Rule 16 and noted that Ms. Reddington, as the movant, bore the burden of establishing good cause. As correctly noted in the R&R, a proposed counterclaim/affirmative defense "premised on the expanded Anti-SLAPP law could not have been asserted prior to November 10, 2020," when the expanded Anti-SLAPP law went into effect. (ECF No. 116 at 6). Magistrate Judge Lindsay considered that the defense filed the Anti-

---

[3] Plaintiff's failure to file objections to any points addressed in Magistrate Judge Lindsay's R&R constitutes a waiver of those objections. *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Of note, Plaintiff did not object to Magistrate Judge Lindsay's determination that, "Courts in this district have already found that the anti-SLAPP amendment constitutes remedial, retroactive legislation." (ECF No. 116 at 9, n. 2 (*citation omitted*).) Accordingly, Plaintiff waives any future argument on this point. Magistrate Judge Lindsay's recommendation with respect to retroactivity accords with New York law and should be adopted as not clearly erroneous. *See Sackler v. Am. Broad. Companies, Inc.*, 71 Misc. 3d 693 (N.Y. Sup. Ct. 2021) ("This court finds that the anti-SLAPP amendments are intended to apply retroactively in order to effectuate the remedial and beneficial purpose of the statute.").

SLAPP Counterclaim Motion within three months of the statute's amendment and determined that, in the context of the passage of a new law, Defendant acted diligently. This finding is clearly supported by relevant precedent in this district. *See, e.g., Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023(CBA)(RLM), 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010) (finding that for the purpose of evaluating a party's diligence under Rule 15, "a three-month delay does not qualify as 'extremely belated.'"). Given Plaintiff's failure to identify any contrary legal authority, there is no interpretation under which it can be found that Magistrate Judge Lindsay's finding was clearly erroneous.

### 2. The R&R's Determination that the Proposed Anti-SLAPP Counterclaim Is Not Futile Is Correct and Should Be Adopted.

#### a. Magistrate Judge Lindsay Did Not Materially Misstate the Applicable Law in Her Futility Analysis.

First, Plaintiff objects to the R&R by asserting that Magistrate Judge Lindsay misstated the law with respect to the Anti-SLAPP Counterclaim when she stated, "… it is not yet clear whether he'll prevail on the merits of his defamation claim, or if he'll be able to show that Reddington acted without a substantial basis for doing so." (ECF No. 116 at 9). Plaintiff contends that this statement misconstrues the "substantial basis" standard under the Anti-SLAPP law. (ECF No. 119 at 2.) But, in fact, it is Plaintiff who misreads Magistrate Judge Lindsay's opinion by taking it out of context and ascribing to it a different meaning than Magistrate Judge Lindsay patently intended.

In the portion of the opinion where the challenged statement appears, Magistrate Judge Lindsay is addressing futility and Plaintiff's argument that an Anti-SLAPP counterclaim would be futile because his lawsuit was not "meritless." Magistrate Judge Lindsay rejected Plaintiff's argument by explaining that the merits of Plaintiff's defamation and tortious interference claims have yet to be tested or supported by evidence, regardless of Judge Mauskopf's 2018 Rule 12(b)(6) opinion finding that most of Plaintiff's defamation and tortious interference claims were legally sufficient as alleged.[4] Where the R&R states that it is "not yet clear . . . if he'll be able to show that Reddington acted without a substantial basis for doing so," Magistrate Judge Lindsay is not discussing the evidentiary burden for an Anti-SLAPP claim, but rather is addressing Plaintiff's protestations about his defamation suit not being meritless. She is, in effect, correctly noting that if Ms. Reddington had a good faith factual basis for making her challenged statements, then she lacked actual malice, which Plaintiff is required to prove if asserting a claim involving public participation, which Plaintiff's lawsuit clearly is under the expanded Anti-SLAPP law.

To the extent that Magistrate Judge Lindsay did mistakenly assign the "substantial basis" standard of an Anti-SLAPP counterclaim to Ms. Reddington instead of Plaintiff, that error is immaterial to the R&R's overall finding that an Anti-SLAPP counterclaim here is not futile. Defendant has sufficiently alleged a counterclaim pursuant to N.Y. Civ. Rights Law § 70-a, and

---

[4] It bears noting that Judge Mauskopf's decision evaluated the legal sufficiency of Plaintiff's allegations under New York's pre-November 2020 defamation law, which did not consider cases like Plaintiff's to be SLAPPs.

5

Plaintiff cannot establish as a matter of law at this juncture that his claims are not meritless. The R&R properly analyzed whether the proposed Anti-SLAPP counterclaim would be futile and correctly determined that it would not. Accordingly, even under a *de novo* standard of review, Plaintiff's objection lacks merit and should be rejected.

### b. Magistrate Judge Lindsay's Futility Analysis Correctly and Sufficiently Determined that New York's Anti-SLAPP Law Applies Retroactively and Substantively to this Federal Case.

Next, Plaintiff objects to Magistrate Judge Lindsay's finding – made in a footnote, and therefore, presumably not central to the Court's ultimate futility determination – that *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020), does not apply to the instant Counterclaim Motion and deferral of the broader question of whether the amended New York anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure. Plaintiff argues that by declining to apply the *La Liberte* Court's reasoning (which pertained to a special motion under California's Anti-SLAPP statute), Magistrate Judge Lindsay "missed the point entirely." (ECF No. 119 at 2). He further insists that a determination concerning the statute's broad relationship to the Federal Rules of Civil Procedure must be made at this juncture because it goes to the futility argument. *Id.*

As an initial matter, Plaintiff's objection reiterates failed arguments that he previously presented to Magistrate Judge Lindsay. (*Compare* ECF No. 119 at 2-3; ECF No. 106 at 1-2; ECF No. 114 at 3-6.) Thus, it must be evaluated on the "clearly erroneous or contrary to law" standard of review. *See Pressley*, 2016 WL 1271480, at *3.

The challenged footnote in the R&R discussing *La Liberte* is not clearly erroneous. Magistrate Judge Lindsay properly found that the ruling in *La Liberte* is inapplicable to Defendant's motion, as the Second Circuit in *La Liberte* addressed a procedural provision of California's Anti-SLAPP statute that increased the pleading burden to avoid pretrial dismissal and thus conflicted with Federal Rule 12(b)(6). (ECF No. 116 at 2, n. 2); *see also La Liberte*, 966 F.3d at 88. Plaintiff offers no controlling legal authority to suggest the substantive provisions of New York's Anti-SLAPP law pose the same conflict. Indeed, no such legal authority exists. In fact, in *Coleman v. Grand*, No. 18-cv-5663 (ENV) (RLM), 2021 WL 768167, at *7 (E.D.N.Y. Feb. 26, 2021) – one of only a small handful of cases to have considered the new amended Anti-SLAPP law – Judge Vitaliano of this district expressly held that New York's amended Anti-SLAPP statute is "manifestly substantive," applied it on cross summary judgment motions under Federal Rule 56, and actually contrasted New York's law with the analysis of California's procedural law in *La Liberte*.

Plaintiff's objection also fails as a matter of logic and basic civil procedure. It is firmly established that should either party file a summary judgment motion in this case, Fed.R.Civ.P. 56 will apply, not the special state court proceeding of C.P.L.R. 3212(h) which shifts the burden on a summary judgment to "the party responding to the motion." *See* C.P.L.R. 3212(h); *see also Coleman*, 2021 WL 768167, at *7 ("It is a hornbook rule that 'federal courts sitting in diversity apply state substantive and federal procedural law.'" (*citing Gaspaerini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Notably, beyond highlighting that the procedural components of

amendments to the Anti-SLAPP law reflected in C.P.L.R. 3212(h) – not applicable here – shift the summary judgment burden to the non-movant, Plaintiff's conclusory objection does not actually describe how New York's Anti-SLAPP law allegedly conflicts with Rule 56. To the extent that Plaintiff's objection is meant to refer to the fact that the Anti-SLAPP law imposes on the Plaintiff a burden of proving his claims by clear and convincing evidence, that burden is substantive, not procedural, and does not alter the parties' roles or burdens under Rule 56.

Magistrate Judge Lindsay's statements about *La Liberte* in the R&R are consistent with the authority of this Court and not clearly erroneous. *See Coleman*, 2021 WL 768167, at *7. They also are not material to the Court's correct analysis regarding futility. This objection should be rejected and the R&R's holdings concerning futility and the applicability of *La Liberte* should be fully adopted.

> **c. The R&R's Determination that Ms. Reddington's Statements Are Matters of Public Interest Is Entitled to Deference, Is Correct, and Should Be Adopted.**

As the final prong of his attack on the R&R's finding that the Anti-SLAPP counterclaim is not futile, Plaintiff argues that the amended Anti-SLAPP law, despite its breadth, does not apply to his claims because Ms. Reddington's allegedly defamatory statements did not address matters "of public interest" and he is a private figure. As with many of his other objections, he already raised these arguments with the Court, which considered and squarely rejected them. (*Compare* ECF No. 119 at 3-4; ECF No. 106 at 2; ECF No. 114 at 11-12.) Thus, Magistrate Judge Lindsay's findings should be given deference and adopted unless they are clearly erroneous or contrary to law.

Plaintiff cannot make that showing and does not suggest that any such controlling authority exists. As previously noted, the absence of controlling authority is "fatal to [a] 'contrary to law' objection. *Pall Corp.*, 655 F. Supp. 2d at 174. On this premise alone, Plaintiff's objection to the R&R on the question of whether Defendant's allegedly defamatory statements involved matters of public interest must fail.

In support of his objection, Plaintiff seeks distinguish the facts of this matter from those in *Coleman*, an E.D.N.Y. case cited repeatedly in the R&R (but initially overlooked by Plaintiff in opposing the Anti-SLAPP Counterclaim Motion) which expressly held that social media postings related to sexual harassment and the #MeToo movement were matters of public concern. *See Coleman*, 2021 WL 768167, at *8, *13 (finding that posts addressing the #MeToo and workplace sexual harassment were issues of public interest to which the amended Anti-SLAPP law applies.). Plaintiff argues that because Ms. Reddington's challenged statements do not concern "workplace harassment, nor relationships between industry professionals and those seeking employment opportunities," Defendant Reddington's postings about her experience with violent sexual assault by a fellow student on a college campus falls outside the range of matters of public interest that the amended Anti-SLAPP law seeks to protect. (ECF No. 119 at 4). That argument runs counter to both *Coleman* and the clear intent of the drafting legislators that the amended Anti-SLAPP statute should be construed broadly to protect, among others, "survivors of sexual abuse and others

7

being dragged through the courts on retaliatory legal challenges solely intended to silence them." *See Coleman*, 2021 WL 768167, at *8 (noting the legislative "directive to construe 'public interest' broadly, as encompassing all but purely private matters."); S52A Sponsor Mem.[5]

Plaintiff also tries to distinguish his case from *Coleman* by noting that he is not a public figure or "prominent individual" like the jazz musician plaintiff in *Coleman*. But the courts that have addressed the amended Anti-SLAPP law have agreed that it applies to private individuals if the speech at issue involves matters of public interest. *See, e.g., Sackler* 2021 WL 969809, at *3 (N.Y. Sup. March 9, 2021), 2021 N.Y. Slip. Op. 21055 (holding, "[a]lthough Plaintiff is correct that Sarah Palin is a public figure . . ., nothing in the text of the amended statute indicates that the Legislature intended for the statute to only apply to defamation cases involving such public figures."); *Coleman*, 2021 WL 768167, at *6 (holding that for a private figure, the amended Anti-SLAPP law applies if the speech involved a matter of public interest).

Magistrate Judge Lindsay correctly found that "Reddington['s] posts can [] be read liberally to address sexual assault on college campuses, the #MeToo movement, and the manner in which law enforcement handles sexual assault allegations and treats complainants. The Court agrees that those issues could be construed as having a public interest especially given the public's recent engagement in widespread conversations about sexual misconduct and what constitutes inappropriate behavior on college campuses." (ECF No. 116 at 8.) Plaintiff has presented no authority to the contrary. Accordingly, the objection should be rejected and the Court should adopt the R&R's determination that Ms. Reddington's statements address issues of public interest to which the amended Anti-SLAPP statute undoubtedly applies.

---

[5] *See* https://www.nysenate.gov/newsroom/press-releases/brad-hoylman/trump-attacks-free-press-legislature-passes-senator-hoylman-and#:~:text=Weinstein's%20legislation%2C%20S.-,52A%2FA.,about%20matters%20of%20public%20interest.

**D.     Conclusion**

For the foregoing reasons, Defendant Catherine Reddington respectfully requests that this Court deny Plaintiff's Objections, adopt Magistrate Judge Lindsay's Report & Recommendation, grant Defendant's Fed. R. Civ. P. 15(a) Motion for Leave to Amend her Pleading and add an Anti-SLAPP counterclaim and affirmative defense, and grant any other further relief the Court deems just.

The defense thanks the Court for its consideration.

                                                  Respectfully submitted,

                                                  Sandra L. Musumeci
                                                  RILEY SAFER HOLMES & CANCILA LLP
                                                  *Attorney for Catherine Reddington*

Cc:     Seth Zuckerman, Esq.          (via ECF)
        ChaudhryLaw PLLC
        45 West 29th Street, Suite 303
        New York, New York 10001

9