UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEX GOLDMAN,

                Plaintiff,                       **MEMORANDUM AND ORDER**
                                                            18-CV-3662 (RPK) (ARL)
   -against-

CATHERINE REDDINGTON,

                Defendant.
------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Alex Goldman filed this lawsuit in 2018, alleging that defendant Catherine Reddington defamed him and tortiously interfered with his business relations by publicly accusing him of sexual assault. Several years into litigation, Ms. Reddington filed motions seeking to pursue a counterclaim for assault and battery, *see* Def.'s First Mot. to Amend (Dkt. #78), and a counterclaim and an affirmative defense under New York's statute concerning strategic lawsuits against public participation (its "anti-SLAPP statute"), N.Y. C.R.L. §§ 70-a and 76-a; s*ee* Def.'s Second Mot. to Amend (Dkt. #113). I referred those motions to Magistrate Judge Lindsay for a report and recommendation ("R. & R."). Judge Lindsay has recommended that I deny leave to file the assault-and-battery counterclaim as untimely, but grant leave to file the counterclaim and affirmative defense under New York's anti-SLAPP statute. *See* R. & R. (Dkt. #116). Mr. Goldman has objected to Judge Lindsay's recommendation regarding the anti-SLAPP counterclaim and affirmative defense. For the reasons below, I adopt Judge Lindsay's report and recommendation.

## BACKGROUND

Mr. Goldman and Ms. Reddington were students at Syracuse University. Both attended a fraternity party there in 2017. *See* Compl. ¶¶ 23-30 (Dkt. #1). Ms. Reddington has alleged that after the party, Mr. Goldman sexually assaulted her. *See id.* ¶¶ 8, 31; Def.'s Proposed Counterclaim ("Counterclaim") ¶¶ 9-26 (Dkt. #113-1). Ms. Reddington reported the alleged assault to police. *See* Compl. ¶ 7; Counterclaim ¶ 24. The Onondaga County District Attorney's Office declined to charge Mr. Goldman with a crime. *See* Compl. ¶ 8. But Syracuse University conducted its own investigation and concluded that Mr. Goldman had sexually assaulted Ms. Reddington. Mr. Goldman was expelled from the university. *See id.* ¶¶ 10-11, 36-37; Counterclaim ¶ 25. Mr. Goldman denies that a sexual assault occurred. *See* Compl. ¶¶ 3-4, 56-60.

Mr. Goldman filed this lawsuit in June 2018, raising claims of defamation and tortious interference with prospective economic advantage and business relations. *See id.* ¶¶ 51-79. He relies on statements that Ms. Reddington made accusing Mr. Goldman of sexual assault to third parties and on the social media platforms Facebook and LinkedIn—statements that he contends were false. *See id.* ¶¶ 38-50.

Magistrate Judge Lindsay set January 17, 2020 as the deadline for motions to amend or join new parties. *See* Order Dated 11/13/2019 (Dkt. #52).

Several months after that deadline passed, on October 2, 2020, Ms. Reddington filed a motion to amend her pleadings to add a counterclaim for assault and battery. *See* Def.'s First Mot. to Amend (Dkt. #78); Def.'s Reply Br. in Supp. of First Mot. to Amend at 1 n.1 (Dkt #79).

On March 26, 2021, Ms. Reddington filed a second motion to amend her pleadings. That motion sought leave to add a counterclaim and affirmative defense under New York's recently

amended anti-SLAPP statute. *See* Def.'s Second Mot. to Amend (Dkt. #113). Mr. Goldman opposed both motions to amend. *See* Pl.'s First Opp'n (Dkt. #77); Pl's Second Opp'n (Dkt. #114). I referred the motions to amend to Judge Lindsay. *See* Order Dated 8/12/2020; Order Dated 2/3/2021.

Judge Lindsay recommended denying leave to file the counterclaim for assault and battery, but granting leave to file the anti-SLAPP counterclaim and affirmative defense. R. & R. at 6. Judge Lindsay determined that Ms. Reddington had failed to show good cause for her delay in seeking to file the assault-and-battery counterclaim. *See id.* at 5-6. But Judge Lindsay determined that Ms. Reddington had shown good cause for her delay in seeking to add the anti-SLAPP counterclaim and affirmative defense. *Id.* at 6. Judge Lindsay concluded that Ms. Reddington could not have brought such a claim before amendments to the anti-SLAPP statute were enacted on November 10, 2020. *See ibid*. She also concluded that Ms. Reddington "acted diligently" in seeking to add the anti-SLAPP counterclaim and affirmative defense three months later. *Ibid.* In addition, Judge Lindsay concluded that the amendment to add the anti-SLAPP counterclaim would not be futile. *See id*. at 6-9. Finally, Judge Lindsay rejected Mr. Goldman's argument that allowing the amendment would prejudice him. She concluded that the anti-SLAPP counterclaim was "unlikely to require additional discovery as it is based on the same facts and subject matter that already exists in the lawsuit." *Ibid.*

Mr. Goldman filed timely objections to Judge Lindsay's recommendation that Ms. Reddington be allowed to file the anti-SLAPP counterclaim and affirmative defense. *See* Pl.'s Obj. to R. & R. ("Pl.'s Obj.") (Dkt. #119). Ms. Reddington urges the Court to adopt the R. &. R. in full. *See* Def.'s Opp'n to Pl.'s Obj. ("Def.'s Opp'n") (Dkt. #120).

# STANDARD OF REVIEW

## I. Motions to Amend

"[A] court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a general matter, amendment should be permitted "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Where the Court has established a deadline for seeking leave to amend, however, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quotations omitted). Good cause exists when a movant was diligent but could not have reasonably met the deadline to amend. In contrast, "[a] party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quotations omitted). If the movant demonstrates good cause, "the court then applies Rule 15(a) to determine whether the amendment is otherwise proper." *Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019).

## II. Magistrate Judge's Report and Recommendation

Portions of an R. & R. to which no party has objected are reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019); *see Nelson v. Smith*,

618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

When a party does object to an R. & R., the district court's standard of review depends on whether the issue addressed by the magistrate judge is "dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's order on a non-dispositive issue, the district court "must consider" those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Judge Lindsay's recommendation that Ms. Reddington be allowed to amend her pleadings to include an anti-SLAPP counterclaim and affirmative defense is a recommendation on a non-dispositive issue. The Second Circuit has repeatedly suggested that decisions on motions to amend are non-dispositive. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Rienzi & Sons, Inc. v. Puglisi*, 638 F. App'x 87, 92 (2d Cir. 2016); *Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x. 583, 584-85 (2d Cir. 2003). Nevertheless, some decisions have suggested that this principle does not apply when a magistrate judge denies leave to amend, on the theory that such a denial "foreclose[s] potential claims." *Wilson v. City of New York*, No. 06-CV-229, 2008 WL 1909212, at *4 (E.D.N.Y. Apr. 30, 2008); *see e.g.*, *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012). But even if a denial of leave to amend is treated

as a ruling on a dispositive matter, "no such conclusion is warranted when the motion [to amend] is granted." *Bonilla v. City of New York*, No. 20-CV-1704, 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020); *see, e.g.*, *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020); *Jaigua v. Kayafas Contracting Co. Inc.*, No. 18-CV-1941, 2019 WL 1115025, at *1 n.1 (E.D.N.Y. Mar. 11, 2019); *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 410 (S.D.N.Y. 2008).

## DISCUSSION

I adopt Judge Lindsay's report and recommendation in full.

### I. Counterclaim and Affirmative Defense Under New York's Anti-SLAPP Statute

Judge Lindsay did not clearly err in granting Ms. Reddington's motion to amend her answer to add a counterclaim and affirmative defense under New York's anti-SLAPP statute.

#### A. Good Cause

Judge Lindsay did not clearly err in concluding that Ms. Reddington demonstrated good cause for her delay in adding a counterclaim and affirmative defense under New York's anti-SLAPP statute. "Diligence is the primary consideration in the good cause analysis." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014). It is undisputed that Ms. Reddington could not have brought her anti-SLAPP counterclaim and affirmative defense until "New York amended its anti-SLAPP law" and "substantially broadened [its] reach" on November 10, 2020, *Palin v. New York Times Co.*, No. 17-CV-4853, 2020 WL 7711593, at *2 (S.D.N.Y. Dec. 29, 2020); *see* Def.'s Second Mot. to Amend at 5; Pl.'s Second Opp'n at 12-13; *see also Chandok v. Klessig*, 632 F.3d 803, 819 (2d Cir. 2011). Mr. Goldman argues that Ms. Reddington nevertheless failed to establish good cause because she did not bring her anti-SLAPP counterclaim for "almost three additional months" after the statute was amended. Pl.'s Obj. at 1-

6

2. But courts have commonly found that parties acted diligently under Rules 15 and 16 when they took approximately three months to file a claim after the basis for the claim arose. *See, e.g., Bryan v. Commack Union Free Sch. Dist.*, No. 18-CV-7249, 2021 WL 633751, at *4 (E.D.N.Y. Feb. 18, 2021); *Chipotle Mexican Grill*, 300 F.R.D. at 199; *Vermont Right to Life Comm., Inc. v. Sorrell*, No. 09-CV-188, 2010 WL 11610330, at *1 (D. Vt. July 1, 2010); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010). Plaintiff cites no contrary cases. *See* Pl.'s Obj. at 1-2. I therefore find no clear error in Judge Lindsay's determination that Ms. Reddington established good cause for her delay in filing her anti-SLAPP counterclaim and affirmative defense.

### B. Futility

Judge Lindsay also did not clearly err in rejecting Mr. Goldman's argument that Ms. Reddington should be denied leave to amend because her proposed amendment is futile. New York's anti-SLAPP statute permits "[a] defendant in an action involving public petition and participation" to recover costs and attorney's fees from "any person who commenced or continued such action . . . upon a demonstration . . . that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. C.R.L. § 70-a(1). An "action involving public petition and participation" includes any lawsuit based on "any communication in . . . a public forum in connection with an issue of public interest." *Id.* § 76-a(1)(a). The statute provides that "'[p]ublic interest' shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).

Contrary to Mr. Goldman's arguments, Judge Lindsay did not clearly err in concluding that Ms. Reddington's proposed anti-SLAPP counterclaim would survive a motion to dismiss

7

under these principles. Mr. Goldman does not dispute that his lawsuit alleging defamation and tortious interference is based on "communication[s] . . . in a public forum"—specifically, Ms. Reddington's statements on Facebook and LinkedIn. *See* Compl. ¶¶ 38-50; Counterclaim ¶¶ 37-39; *see also Coleman v. Grand*, No. 18-CV-5663, 2021 WL 768167, at *13 (E.D.N.Y. Feb. 26, 2021). Instead, Mr. Goldman asserts that Ms. Reddington has not adequately alleged that her communications concerned "an issue of public interest." Pl.'s Obj. at 3-4. But under New York's anti-SLAPP statute, "'[p]ublic interest' shall be construed broadly" to "mean any subject other than a purely private matter." N.Y. C.R.L. § 76-a(1)(d). Here, Ms. Reddington's Facebook and LinkedIn posts accusing Mr. Goldman of sexual assault contained the hashtag #MeToo, *see* Compl. ¶ 42; *id.* Ex. C (Dkt. #1-2), referencing "the rising tide of public concern over workplace sexual harassment known as the #MeToo movement," *Coleman*, 2021 WL 768167, at *8. The posts also contain extensive criticism of the law enforcement investigation of her sexual-assault complaint. *See* Compl. ¶ 44; *id.* Ex. C. Given these aspects of Ms. Reddington's posts, Judge Lindsay made no error—let alone clear error—in determining that these posts concerned more than "a purely private matter," N.Y. C.R.L. § 76-a(1)(d).

Mr. Goldman has likewise not established clear error by identifying a sentence in the R. & R. that appears to transpose the parties. *See* Pl.'s Obj. at 2. Judge Lindsay rejected Mr. Goldman's argument that Ms. Reddington's anti-SLAPP claim was futile because Ms. Reddington "ha[d] not demonstrated how [Mr. Goldman's] lawsuit is meritless." R. & R. at 9. In doing so, Judge Lindsay stated that "it is not yet clear whether [Mr. Goldman will] prevail on the merits of his defamation claim, or if he will be able to show that Reddington acted without a substantial basis for doing so." *Ibid.* Mr. Goldman correctly observes that, to prevail on her anti-SLAPP counterclaim, Ms. Reddington must demonstrate that *Mr. Goldman* brought his

8

lawsuit "without a substantial basis in fact and law," N.Y. C.R.L. § 70-a(1)(a); Mr. Goldman need not show that Ms. Reddington acted without a substantial basis. But this transposition seems to be a scrivener's error, because Judge Lindsay elsewhere recognized that Ms. Reddington has the burden of "demonstrat[ing] how [Mr. Goldman's] lawsuit is meritless." R. & R. at 9.

In any event, Judge Lindsay was correct in her apparent conclusion that Ms. Reddington has at least adequately pleaded that Mr. Goldman's claims of defamation and tortious interference lacked a substantial basis in fact and law. Mr. Goldman's claims of defamation and tortious interference would have a substantial basis in fact and law only if Mr. Goldman had a substantial basis for contending that Ms. Reddington's allegations of sexual assault were false. *See* Compl. ¶¶ 56-64, 71-78; *see also Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (citing *Foster v. Churchill*, 665 N.E.2d 153, 157 (N.Y. 1996)) (defamation); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 114-15 (2d Cir. 2010); *Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 47 (N.Y. App. Div. 2009) (tortious interference). But Ms. Reddington alleges in her counterclaim that Mr. Goldman did sexually assault her, *see* Counterclaim ¶¶ 9-22, and that her account is corroborated by various evidence, *see id.* ¶¶ 45-46. The counterclaim therefore adequately pleads that Mr. Goldman lacked a substantial basis in fact and law for raising legal claims that depend on Ms. Reddington's accusations being false.

Nor has Mr. Goldman established clear error based on his argument that New York's anti-SLAPP summary-judgment procedures conflict with Federal Rule of Procedure 56. *See* Pl.'s Obj. at 2-3. Mr. Goldman relies on a provision of the anti-SLAPP statute which states that if an anti-SLAPP plaintiff establishes that a case involves public petition and participation, the anti-SLAPP defendant has the burden at the summary-judgment stage of establishing that the

defendant's underlying claim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification, or reversal of existing law. *Ibid.*; *see* N.Y. C.P.L.R. 3212(h) (setting out these "[s]tandards for summary judgment in certain cases involving public petition and participation"). Mr. Goldman argues that "shift[ing] the burden on a motion for summary judgment to the non-movant" would conflict with the summary-judgment procedures in Rule 56. Pl.'s Obj. at 2; *cf. Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (state law applies in federal court only if it "does not squarely conflict with a valid federal rule").

Judge Lindsay did not clearly err in "declin[ing] to address" that argument "at this juncture in the litigation." R. & R. at 9 n.2. At this stage, Ms. Reddington simply seeks to amend her pleadings to include an anti-SLAPP counterclaim and affirmative defense; she does not invoke the special summary-judgment procedures that Mr. Goldman attacks. *See generally* Def.'s Second Mot. to Amend. And Mr. Goldman has offered no argument as to why a litigant would be unable to bring an anti-SLAPP counterclaim at all merely because a portion of the anti-SLAPP statute containing special summary-judgment rules assertedly conflicts with Rule 56. To be sure, the anti-SLAPP statute contemplates that a party pursuing an anti-SLAPP claim will be able to use those special summary-judgment procedures. *See* N.Y. C.R.L. § 70-a(1)(a). But the provision creating a cause of action also makes clear that an anti-SLAPP litigant may obtain costs and attorney's fees *without* using those procedures. *See ibid.* (providing that "costs and attorney's fees shall be recovered upon a demonstration, *including* an adjudication pursuant to . . . [the special summary-judgment procedures in N.Y. C.P.L.R. 3212(h)], that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law" (emphasis added)). Since the anti-SLAPP statute appears to

contemplate that an anti-SLAPP litigant could pursue an anti-SLAPP counterclaim through procedures other than the ones that Mr. Goldman challenges, Judge Lindsay did not clearly err in declining to decide at the motion-to-amend stage whether New York's special summary-judgment procedures for anti-SLAPP claims conflict with Rule 56.

## II. Counterclaim for Assault and Battery

Neither party objected to Judge Lindsay's recommendation that Ms. Reddington be denied leave to file a counterclaim for assault and battery. Judge Lindsay concluded that Ms. Reddington had failed to establish good cause for her delay in bringing the counterclaim. *See* R. & R. at 5-6. Having found no clear error in Judge Lindsay's conclusions, I adopt Judge Lindsay's recommendation regarding this claim. *See Alvarez Sosa*, 369 F. Supp. 3d at 497; *Nelson*, 618 F. Supp. at 1189.

## CONCLUSION

Judge Lindsay's report and recommendation is adopted as described above. Ms. Reddington's motion seeking leave to add a counterclaim for assault and battery is denied. Ms. Reddington's motion for leave to add a counterclaim and an affirmative defense under New York's anti-SLAPP statute is granted.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 9, 2021
Brooklyn, New York