

**Sandra Musumeci**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:     (212) 808-7788
Fax:     (212) 808-7897
smusumeci@kelleydrye.com

June 24, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:** **Alex Goldman v. Catherine Reddington, 1:18-cv-03662 (RPK)(ARL)**
> **Notification of Supplemental Authority – Second Circuit Decision in** *Satanic Temple v. Newsweek*

We write on behalf of Defendant Catherine Reddington in the above-referenced matter, pursuant to Section IV.C.3 of Your Honor's Individual Practice Rules, to advise the Court of an important controlling decision recently issued by the United States Court of Appeals for the Second Circuit. This decision was issued following the submission of the parties' amended briefing on the pending motions for summary judgment (ECF No. 190) and for judgment on the pleadings (ECF No. 184) and bears on the arguments therein.

On May 28, 2026, the United States Court of Appeals for the Second Circuit issued a published opinion in *Satanic Temple, Inc. v. Newsweek Digital LLC*, 177 F.4th 202 (2d Cir. 2026). A copy of the decision is attached hereto as **Exhibit A**. In *Satanic Temple*, a unanimous panel declared that "Section 76-a of New York's anti-SLAPP statute applies when a court exercises diversity jurisdiction." 177 F.4th at 211. In so holding, the Court "easily conclude[d] that Section 76-a of New York's anti-SLAPP statute is substantive law." *Id.*

Additionally, in applying Section 76-a to the facts of that case, the Second Circuit determined the anti-SLAPP statute's heightened fault standard governed. The Court was persuaded that underlying statements were made in connection with "an issue of public interest" because they were (1) published in a public forum and (2) concerned allegations that a national organization "habitually concealed or failed to address internal complaints of sexual abuse." *Id.* at 212. Finally, the Court confirmed that the anti-SLAPP statute's "actual malice" standard is intended to "mirror the constitutional 'actual malice' standard" as delineated in First Amendment jurisprudence. *Id.* at 213. In applying that standard, the Second Circuit emphasized that a plaintiff

must show "that the author in fact entertained serious doubts as to the truth of [her] publication or acted with a high degree of awareness of probable falsity" prior to publication. *Id.* at 214 (citing *Kipper v. NYP Holdings Co.,* 12 N.Y.3d 348, 354 (2009)). And further, "the standard 'is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term.'" *Id.* (citing *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989).)

The Second Circuit's decision makes clear that Ms. Reddington's arguments to these ends have won the day. Contrary to Mr. Goldman's assertions in his Rule 12(c) motion and opposition to summary judgment, the substantive components of New York's anti-SLAPP statute—including Section 76-a's heightened fault standard of actual malice—apply in federal court in diversity cases such as this one.

The Second Circuit's decision also supports Ms. Reddington's arguments that her alleged statements clearly fall within the scope of the anti-SLAPP statute's protections. Importantly, the Second Circuit's analysis reaffirms the long line of decisions finding New York's anti-SLAPP law applies to communications concerning allegations of "sexual abuse" like the ones underlying Mr. Goldman's claims in this case. *Id.* at 212 (collecting cases). Like Newsweek's claims of a widespread, organizational cover-up of such abuse, Ms. Reddington's challenged statements concern the responsibilities and failings of large organizations in responding to incidents of sexual assault. Further, like the statements made on Newsweek's website, many of the statements with which Mr. Goldman takes issue in this case were also published in public fora on the internet—here, social media.

In sum, the Second Circuit's recent decision in *Satanic Temple* supports Ms. Reddington's arguments in support of summary judgment and in opposition to Mr. Goldman's motion for judgment on the pleadings. We thank the Court for its consideration.

Respectfully Submitted,

Sandra L. Musumeci
KELLEY DRYE & WARREN, LLP

*Attorney for Catherine Reddington*

cc: Seth J. Zuckerman, Esq. (via ECF)